# Richmond.

## DAVIDSON v. WATTS & FLINT.

November 17, 1910.

Absent, Cardwell, J.

1. PLEADING—*Plea to Jurisdiction—Appearance in Proper Person.*—A plea to the jurisdiction by a natural person must be pleaded in proper person, and not by attorney, as appearance by attorney is regarded as pleading by leave of the court, and hence is an acknowledgment of its jurisdiction.

2. WITNESSES — *Competency — Impeachment—Conviction of Grand Larceny.*—A person convicted of grand larceny who has served his sentence in the penitentiary is restored to competency as a witness by section 3898 of the Code, but, if offered as a witness, the fact of such conviction may be shown in order to affect his credit.

3. APPEAL AND ERROR—*Exclusion of Evidence.*—The exclusion of proper evidence on a material point is ground for reversal, unless it appears from the record that the error committed by the trial court could not and did not affect the verdict.

4. APPEAL AND ERROR—*Instructions—Case Properly Submitted—Objections.*—Where the instructions given in a case, taken as a whole, properly submit the case to the jury, it is unnecessary for this court to consider specific objections to some of them.

Error to a judgment of the Corporation Court of the city of Buena Vista in an action of trespass on the case. Judgment for the plaintiffs. Defendant assigns error.

*Reversed.*

The opinion states the case.

*G. D. Letcher*, for the plaintiff in error.

*H. S. Rucker* and *Willis & Robertson*, for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

The first error assigned is to the action of the court in sustaining the objection made to a plea to the jurisdiction of the court.

The plea was properly rejected by the court.    It was pleaded *by attorney*, instead of *in person*, and the settled rule of practice in this State is, that such a plea must be pleaded *in proper person*, and not by attorney.    The reason usually assigned for such requirement is that an appearance by attorney is regarded as pleading by the leave of the court, and hence is an acknowledgment of its jurisdiction.    *Hortons & Hutton* v. *Townes*, 6 Leigh 47; 4 Min. Inst. (1st ed.) 625-6; 1 Cyc. 125-6.

A Mr. Mazingo, one of the witnesses of the defendants in error, on cross-examination was asked if he "had not been convicted and served a term in the Virginia penitentiary for stealing."    The question was objected to, but the witness answered that he had before the objection was passed upon.    The court sustained the objection and directed the jury not to consider the question and answer.    This action of the court is assigned as error.

By section 3898 of the Code it is declared, that "except where it is otherwise provided, a person convicted of felony shall not be a witness, unless he has been pardoned or punished therefor, and a person convicted of perjury shall not be a witness although pardoned or punished."

It is insisted by the defendant in error that the intent and effect of the section quoted was "to wipe away the entire disability of the witness and place him in the eyes of the law on the same moral basis and civil status as though he had never been convicted of crime."    In other words, the contention is that the effect of the section quoted upon a pardoned or punished convict, except where the offense is perjury, is equivalent to a reversal of the judgment of conviction.

While this precise question does not seem to have been involved in any case decided by this court, substantially the same contention was made in the case of *Anglea* v. *Commonwealth*, 10 Gratt. 696, where the convict had been pardoned and the question was whether or not he was liable for the costs incurred by the Commonwealth in the prosecution. The court in considering that question reviewed the authorities, English and American, pretty extensively and reached the conclusion that a pardon did not have the effect of a reversal of the judgment of conviction; that while the pardon relieved the party of all penalties directly annexed to the crime, it did not relieve him of all of its consequences. In discussing the difference in the effect of a pardon and a reversal of the judgment of conviction, Judge Lee, speaking for the court, said, among other things, (pp. 703-4) that "the latter (the reversal of the judgment) places the party in *statu quo ante* (if the corporal punishment has not been undergone) as if such a judgment had never been rendered. But neither undergoing the corporal punishment nor a pardon of the crime operates to any such extent. By both the party is restored to his personal liberty, and his competency as a witness is reestablished; but neither takes away the guilt or washes out the moral stain; for as we have seen the crime still goes to his credibility, of which the jury must judge; and, in cases of perjury, neither restores even the competency as a witness."

While this expression as to the effect of a pardon upon the party's competency as a witness was not necessary to the decision of the question involved in that case, it was the opinion of a very able judge, concurred in by the whole court, and is sustained by the great weight of authority. 1 Phil. on Ev. 25; 2 Starkie on Ev. 721; 2 Elliott on Ev., sec. 793; 1 Greenleaf's Ev. (16 ed.) sec. 461b, p. 578; 30 Am. & Eng. Enc. (2nd ed.) 1085.

In *Langhorne* v. *Com'th* 76 Va. 1012, 1016, the right to impeach a witness on cross-examination by proving that he

has been convicted of an offense which involved his character for truth was impliedly recognized. Though the action of the trial court in rejecting evidence of a former conviction was sustained, it was not upon the ground that such evidence was not admissible for the purpose of impeachment, but because the question asked did not import that the conviction sought to be proved was of an offense that involved the character of the witness for truth. Manifestly a convict who has been punished does not occupy any higher position under section 3898 than one who has been pardoned.

If felonious larceny, the crime which the witness in question admitted he had been convicted of, is an offense which involves his character for truth, the evidence under the authorities generally, as well as under our own cases, was admissible.

It is a point of no small difficulty, says Prof. Greenleaf, to determine precisely the crimes which do render a person incompetent to testify at common law. "The rule," he says, "is justly stated to require that 'the *publicum judicium* must be upon an offense implying such a dereliction of moral principle as carries with it a total disregard to the obligation of an oath. But the difficulty lies in the specification of those offenses. The usual and more general enumeration is treason, felony, and *crimen falsi*. In regard to the two former, as all treasons and almost all felonies were punishable with death, it was very natural that crimes deemed to be of so grave a character as to render the offender unworthy to live should be considered as rendering him unworthy of belief in a court of justice."

Whether or not an offense is infamous, it seems, is to be determined by the character of the crime and not by its punishment. 2 Elliott on Ev., sec. 787.

The offense of which the witness admitted he had been convicted was not only a felony but was of that character which men generally are not found to commit unless when so depraved as to render it extremely probable that he will not

speak the truth. There are some felonious offenses which do not involve the perpetrator's character for truth, but this cannot be said of grand larceny. There are few crimes which imply a greater dereliction of moral principle than stealing. Both grand and petit larceny rendered the perpetrator infamous at common law, and therefore incompetent to testify. 2 Elliott on Ev., sec. 786; 1 Wharton on Ev., sec. 397, note 6; *Taylor* v. *State*, 62 Ala. 164; *Com'th* v. *Keith*, 8 Met. (Mass.), 531.

While section 3898 has removed that disability as to the witness in question, evidence of such conviction was proper to go to the jury. It may be hard in many cases for a witness living an upright life to have his past misconduct brought before a jury, but there are other considerations affecting other persons which warrant this being done. It is not consistent with the interests of others, nor the protection which is due to them from the State, that they should be exposed to the peril of testimony of persons who have been convicted of offenses which affect their character for truth without permitting such fact to be brought to the attention of the jury. See Mr. Hargrave's Judicial Arguments, Vol. 2, p. 221, referred to in Note 1, p. 425, 1 Greenleaf on Ev. (Redfield's Ed.)

It is insisted that even if it was error to exclude the rejected evidence, it could not have prejudiced the plaintiff in error, because the testimony of the witness was merely corroborative of the evidence of another witness whose credibility was not attacked.

The rule invoked only applies where it appears from the record that the error committed by the trial court could not and did not affect the verdict. *Kimball & Fink* v. *Borden*, 95 Va. 203, 207, 28 S. E. 207, and cases cited.. The evidence of the witness in question was in part as to whether or not the spark-arrester of the engine that did the burning was in place. The evidence of the plaintiff in error tended to show that it was; that of the defendants in error that it was not. This was one

of the material questions in the case, and it cannot be said that the action of the court in rejecting the evidence was harmless error.

Another error assigned is to the giving of certain instructions offered by the defendants in error. Without discussing in detail the several objections made to these instructions, it is sufficient to say that they, together with those given at the request of the plaintiff in error, properly submitted the case to the jury.

The remaining assignment of error is to the refusal of the court to set aside the verdict. As the evidence upon another trial may be different, this assignment of error will not be considered.

For improperly excluding the question and answer as to the former conviction of the witness, Mazingo, the judgment complained of must be reversed, the verdict set aside and the cause remanded for a new trial to be had not in conflict with the views expressed in this opinion.

*Reversed.*