## Richmond

### GEORGE MCAMIS

### V.

### COMMONWEALTH OF VIRGINIA

June 17, 1983.

Record No. 820960.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, and Russell, JJ., and Harrison, Retired Justice.

*William H. Oast, III (Babb, Oast, Hook & Crowe,* on brief), for appellant.

*Todd E. LePage, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

PER CURIAM.

The question for decision in this criminal case is whether a defendant who takes the witness stand in his own defense and testifies on direct examination that he has been convicted previously of a certain number of felonies may be required on cross-examination to divulge the names of those felonies.

The question arose in the jury trial of George McAmis for grand larceny. McAmis took the witness stand in his own defense and on direct examination stated that he had been convicted previously of six felonies. When the Commonwealth sought on cross-examination to bring out the names of the felonies, defense counsel objected. The trial court ruled that by showing he had been convicted previously of felonies, McAmis had put his character in issue and, consequently, the Commonwealth could "go into his character." McAmis was convicted of grand larceny and sentenced to serve two years in the penitentiary.

McAmis contends that when he took the witness stand, he put his credibility, but not his character, in issue; hence, his testimony on direct examination that he had been convicted previously of six felonies was relevant to the issue of credibility alone. McAmis argues that because he did not mention "the names or the natures of the felonies," he did not "open the door to cross-examination about the nature of these convictions."

The Attorney General does not contend McAmis put his character in issue by stating on direct examination that he had been convicted previously of felonies. Rather, the Attorney General maintains that by testifying about his convictions in an attempt "to lessen the impact . . . on the jury [and] to bolster his credibility by revealing the convictions himself," McAmis "assumed the risk" of full cross-examination and "opened the door" to questions concerning the names and the nature of the offenses.

The Attorney General cites *Harmon* v. *Commonwealth,* 212 Va. 442, 185 S.E.2d 48 (1971). There, in a prosecution for murder, we held that because the accused on his direct examination brought out the fact he had been "convicted of a killing," *id.* at 445, 185 S.E.2d at 51, he opened the door and assumed the risk the prosecution on cross-examination would inquire into the de-

gree of the homicide. This holding, we observed, was consistent with the rule that when an accused "voluntarily takes the stand in his own defense and opens up matters by his own testimony, he subjects himself to cross-examination on the matters relevantly raised by that testimony." *Id.*

We established in *Harmon,* however, the general rule that unless the accused opens up the scope of the inquiry by testifying beyond the mere fact he has been convicted of a felony, "the name of the felony, other than perjury, and the details thereof may not be shown." *Id.* at 446, 185 S.E.2d at 51. We followed this general rule in *Sadoski* v. *Commonwealth,* 219 Va. 1069, 254 S.E.2d 100 (1979), a case cited by McAmis as "controlling."

In *Sadoski,* the accused took the witness stand in his own defense and testified on direct examination that he had been convicted previously of a felony. On cross-examination, the accused was asked how many times he had been convicted of a felony. After the trial court overruled defense counsel's objection to the question, the accused stated he had been convicted nine times. In the course of our opinion affirming the trial court's action, we stated:

> We hold that the Commonwealth may ask a defendant who testifies in a criminal proceeding the number of times he has been convicted of a felony, but, consistent with [the general rule established] in *Harmon,* not the names of the felonies, other than perjury, and not the nature or details thereof.

*Id.* at 1071, 254 S.E.2d at 101.

The Attorney General apparently considers this statement dictum to the extent that it refers to the names, nature, and details of prior felony convictions. On brief, the Attorney General states that "*Sadoski* does not purport to address whether [a defendant's direct examination disclosure of prior felony convictions] opens the door to cross-examination."

It is true that *Sadoski* involved only the question whether "it was permissible to ask the accused the number of his felony convictions." 219 Va. at 1070, 254 S.E.2d at 100. It was appropriate for this court, however, in answering the question affirmatively, to point out not only what was permissible under the circumstances but also what was impermissible. In any event, we reaffirm the

*Sadoski* holding in its entirety and adopt it as the *ratio decidendi* of this case.

Accordingly, we hold that where a defendant takes the witness stand in his own defense and testifies on direct examination that he has been convicted previously of a certain number of felonies, he may be cross-examined only with respect to the correctness of the number stated and, if his answers are truthful, not with regard to the names or the nature of the offenses. Of course, if a prior conviction is for perjury, that offense may always be named. And, if a defendant on direct examination goes beyond merely testifying he has been convicted previously of a certain number of felonies and discloses additional information concerning his convictions, he may be held to have opened the door to inquiry concerning the names of the offenses.

Here, no claim is made that McAmis answered untruthfully any questions concerning the number of his felony convictions. Hence, because McAmis did not go beyond stating on direct examination that he had been convicted previously of six felonies other than perjury, it was error for the trial court to require him to divulge the names of the felonies. For this error, the judgment of conviction will be reversed and the case remanded for a new trial.

*Reversed and remanded.*