Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and
Keenan, JJ., and Poff, Senior Justice

JANET L. PAYNE

v.  Record No. 941600                          OPINION BY
                                    SENIOR JUSTICE RICHARD H. POFF
TROY DREW CARROLL                          September 15, 1995

             FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                 Joshua L. Robinson, Judge-Designate


     In this plaintiff's appeal from a judgment entered in a tort
action, we consider whether the credibility of a party-witness in
a civil case may be impeached by disclosure of the name and
nature of a felony conviction.

     The plaintiff, Janet L. Payne, a passenger in a pick-up
truck driven by Paxton Payne, her husband, was injured in a
collision between the truck and a vehicle operated by Troy
Carroll.  The collision occurred at night in the left-hand
northbound lane of Route 29.  Paxton Payne testified that,
starting from a parked position on the eastern shoulder and
observing no traffic in the rear-view and side-view mirrors, he
had driven north "into the right-hand lane with the flashers on",
that he "then turned the flashers off, turned [the] signal lights
on and proceeded to go into the left-hand lane".  He explained
that he was preparing to make a left turn onto Route 605 west
and, thence, left to proceed south on Route 29.

     The Carroll vehicle was travelling north on Route 29
approaching a hillcrest in the highway south of the intersection
with Route 605 west.  Carroll testified that, when he topped the
hillcrest, he "saw something was in the road", that he "swerved
to the left", and, applying his brakes, "slid . . . maybe 50
yards . . . and impacted with Mr. Payne's vehicle."

The investigating officer testified that Carroll "had a strong odor of alcohol . . . [and] bloodshot glassy eyes, [was] unsteady on his feet and seemed to be very confused as far as his direction".  Carroll was placed under arrest "for driving under the influence."  As appears from the certificate of analysis admitted into evidence, Carroll's blood alcohol content two hours after the accident was 0.13, and Carroll acknowledged at trial that he had "pled guilty to DUI and confessed to giving false information at the scene".

During the course of cross-examination of the plaintiff, counsel for the defendant posed questions suggesting she had changed certain testimony she had given in a pre-trial deposition. Counsel then asked the following question:  "Now, you, ma'am, have been convicted of a felony involving fraud, haven't you?"  Mrs. Payne replied, "Yes, sir."  The plaintiff's counsel objected, and the court considered the objection out of the presence of the jury.  Conceding that the defense had the right to reveal the fact of conviction, the plaintiff's counsel argued that the defense had no right to disclose "the nature of the felony."  Upon return to open court, the trial judge announced that "[t]he answer will stand."

The jury returned a verdict for the defendant, and the plaintiff moved the court to set aside the verdict and grant a new trial.  The court ruled that "the defendant was entitled to show the fact and the nature of the conviction without going into the details" and that "while the Court may disagree as to the weight of the evidence, I think the Court has no alternative but to deny the motion to set aside the verdict".

The issue framed in this appeal is one of first impression in this Court. Until now, we have considered the question of disclosure of prior felony convictions for impeachment purposes in criminal prosecutions and the question of limitations upon such disclosure. Now, we consider those questions in the context of civil proceedings.

Code § 19.2-269, part of the Criminal Procedure title of the Code, provides that "[a] person convicted of a felony or perjury shall not be incompetent to testify, but the fact of conviction may be shown in evidence to affect his credit." Construing a predecessor of that statute, former Code § 19.1-265, to determine the permissible scope of cross-examination of the accused in a murder trial, we said that "the fact of conviction of a felony may be shown by the Commonwealth, but the name of the felony, other than perjury, and the details thereof may not be shown." Harmon v. Commonwealth, 212 Va. 442, 446, 185 S.E.2d 48, 51 (1971).

The rule established in Harmon has been applied to permit disclosure of the number and nature of felony convictions of a witness for the prosecution, Hummel v. Commonwealth, 217 Va. 548, 550, 231 S.E.2d 216, 217 (1977), cert. denied, 440 U.S. 935 (1979); accord Johnson v. Commonwealth, 224 Va. 525, 528, 298 S.E.2d 99, 101 (1982), and of a witness called by the accused, Dammerau v. Commonwealth, 3 Va. App. 285, 290, 349 S.E.2d 409, 412 (1986), overruled on other grounds, Vecuso v. Commonwealth, 5 Va. App. 59, 69 (1987).[1] But the rule in Harmon that forbids

[1]Disclosure of the number and nature of prior felony convictions of an accused-witness attenuates the presumption of innocence and creates a prejudicial impact upon the process of determining guilt, or penalty, or both. That danger does not face

disclosure of the name and nature of prior felony convictions for purposes of impeachment of a defendant in a criminal trial remains intact. Joyner v. Commonwealth, 10 Va. App. 290, 298-99, 392 S.E.2d 822, 826-27 (1990).

Payne argues on appeal, as in the court below, that the same limitations upon impeachment of an accused-witness in a criminal case should apply to a party-witness in a civil case. We agree.

The Harmon court recognized that "some prejudice rises" from disclosure of a defendant's felony conviction but concluded that "its probative value as to his credit outweighs the prejudicial effect." Harmon at 446, 185 S.E.2d at 51. Explaining the reason underlying the limitations upon disclosure, the Court said:

> Should the jury be permitted to know the name of the felony and the details thereof, it may mean more to them than the mere fact that the defendant is a person of doubtful veracity. The danger of such prejudice is increased if the Commonwealth is permitted to show the nature of the crime of which he has been previously convicted. Thus, so long as the defendant answers truthfully the inquiry as to a prior felony conviction, the name of the crime cannot be shown.

Id.

Here, when the members of the jury were permitted to know the nature of Payne's prior felony conviction, it could have meant more to them than the possibility that she was a witness of doubtful veracity. Indeed, the jury could have concluded that a person convicted of criminal fraud was disposed to commit fraud in a civil case in which she was a party in interest and was, therefore, not only unworthy of belief but also morally undeserving of an award of damages.

We are of opinion that the danger of prejudice flowing from

other witnesses in a criminal trial.

the disclosure in issue outweighed its probative value, that the trial court erred in ruling that "the defendant was entitled to show the . . . nature of the conviction" and that, as the trial court said, if the disclosure was improper, "it was not something that could amount to harmless error".[2]  Paraphrasing the rule in <u>Harmon</u> defining the permissible scope of impeachment of an accused-witness in a criminal prosecution, we hold that, for purposes of impeachment, the fact of a prior conviction of a felony may be shown against a party-witness in a civil case, but that the name of the felony, other than perjury, and the details thereof may not be shown.  Applying that rule, we will reverse the judgment entered below and remand the case for a new trial.

<u>Reversed and remanded</u>.

---

[2]The cautionary jury instruction granted by the court was addressed solely to disclosure of the fact of conviction without mention of disclosure of the nature of the felony.