## CIRCUIT COURT OF THE CITY OF LYNCHBURG

Clarence Maxwell Giles

v.

Shirley Miller

### Case No. CL93017267-00

BY JUDGE J. MICHAEL GAMBLE

### August 8, 1996

Pursuant to the hearing on June 19, 1996, I took under advisement the motion of the plaintiff that the defendant not be allowed to mention the nature of the plaintiff's prior felony conviction. I am now ruling on this issue.

Mr. John T. Cook, on behalf of the defendant, has furnished me with a copy of the records from the United States District Court of the Western District of Virginia in Case No. 84-00096-R(L). These records indicate that Clarence Maxwell Giles, the plaintiff in the instant case, pleaded guilty to making false oath and false account as to a material matter in a bankruptcy proceeding in violation of 18 U.S.C., § 152, paragraph 2. The classic definition of perjury is to knowingly make false oath as to a material matter at the trial of a case. From the United States District Court records furnished to me, it is apparent that Mr. Giles pleaded guilty to perjury.

In *Harmon v. Commonwealth,* 212 Va. 442, 446, 185 S.E.2d 48 (1971), the Supreme Court of Virginia established the general rule that a defendant may be impeached by cross-examination about the number of felony offenses of which he has been convicted, but not the nature or the name of the offenses. That case, and other cases, have held that a perjury conviction is an exception to this rule, and that a perjury conviction may be named. *McAmis v. Commonwealth,* 225 Va. 419, 421, 304 S.E.2d 2 (1983); *Lambert v. Commonwealth,* 9 Va. App. 67, 71, 383 S.E.2d 752 (1989).

The general rule of *Harmon v. Commonwealth* has been applied to civil cases in *Payne v. Carroll,* 250 Va. 336, 461 S.E.2d 837 (1995). The court in that decision also stated that a conviction of perjury is an exception to the

general rule that the nature or name of the felony conviction may not be used for impeachment. Accordingly, because Clarence Maxwell Giles has previously been convicted of perjury, the defendant may in the instant case ask him about such conviction for impeachment purposes. Accordingly, the motion to prevent the defendant from asking the plaintiff about his prior conviction of perjury is overruled.

September 5, 1996

I took under advisement the motion of the plaintiff that the defendant not be allowed to mention the nature of the plaintiff's prior felony conviction in the United States District Court of making false oath and false account as to a material matter in a bankruptcy proceeding in violation of 18 U.S.C, § 152, paragraph 2. On August 8, 1996, I issued a letter opinion ruling that defendant, on cross-examination, may ask Mr. Giles about his prior conviction of making false oath and false account to a material matter in a bankruptcy proceeding. This would be allowed for impeachment purposes.

After issuing the opinion letter of August 8, 1996, I received written argument from counsel for the plaintiff. On August 19, 1996, I wrote and indicated that I would take this matter under further advisement to review the arguments that have been presented by the plaintiff. I have now reviewed those arguments.

Upon full consideration of this matter, my ruling will remain the same as set forth in my letter of August 8, 1996. The conviction of Mr. Giles under the second paragraph of 18 U.S.C., § 152, is a conviction of perjury. Federal Courts require the same elements to be proven as in a perjury case, namely: false statement under oath, to a material fact, and knowingly and fraudulently false. *Metheany v. United States*, 390 F.2d 559, 561 (9th Cir. 1968). These are also the same elements required for a perjury conviction under law of Virginia. *Holz v. Commonwealth*, 220 Va. 876, 880, 263 S.E.2d 426 (1980); *Sheard v. Commonwealth*, 12 Va. App. 227, 232, 403 S.E.2d 178 (1991). Therefore, the Federal Court conviction was a perjury conviction.

As noted in my letter of August 8, 1996, the general rule of *Harmon v. Commonwealth* has been applied to civil cases in *Payne v. Carroll*, 250 Va. 336, 461 S.E.2d 837 (1995). Accordingly, because Clarence Maxwell Giles has previously been convicted of perjury, the defendant may ask him about such conviction for impeachment purposes. The name and nature of the conviction may be included in the question.