## CIRCUIT COURT OF THE CITY OF RICHMOND

Paulette Austin

v.

Anita Gallion Williams

August 6, 1999

Case No. LE-2679-1

BY JUDGE MELVIN R. HUGHES, JR.

The jury trial in this case, where the defendant admitted negligence in a personal injury claim arising from an automobile accident, resulted in a verdict for defendant. While the defendant admitted negligence, she contested liability on the ground of plaintiff's contributory negligence as the proximate cause of the accident.

Briefly, the parties' respective vehicles collided on a one way street after defendant turned into the street in the wrong direction. The issue of plaintiff's contributory negligence arose out of her activity inside her vehicle just prior to impact. As plaintiff approached the intersection from which defendant turned, plaintiff turned on her left signal and the signal switch fell to the floor. Plaintiff then reached down in an attempt to retrieve the switch. Thereafter, the evidence is in conflict as to whether plaintiff kept her eyes on the road. The impact then occurred.

During the cross-examination of plaintiff, defense counsel asked plaintiff whether she had ever been convicted of petit larceny to which plaintiff replied in the affirmative. Counsel for plaintiff objected and moved for a mistrial on the ground that it is improper to identify the nature of a criminal conviction for impeachment. The court took the motion under advisement. After the jury

returned its verdict, plaintiff renewed the mistrial motion and asked for a new trial.

In *Payne v. Carroll*, 250 Va. 336 (1995), the Supreme Court of Virginia for the first time announced rules governing impeachment of witnesses due to criminal conviction in a civil case. Essentially, the court applied the rules applicable to criminal proceedings. *See Harmon v. Commonwealth*, 212 Va. 442 (1971).

In *Payne* the plaintiff in a tort case was asked on cross-examination whether she had been convicted of a felony involving fraud to which the witness answered yes. The jury returned a verdict for defendant. The court observed:

> Here, when the members of the jury were permitted to know the nature of Payne's prior felony conviction, it could have meant more to them than the possibility that she was a witness of doubtful veracity. Indeed, the jury could have concluded that a person convicted of criminal fraud was disposed to commit fraud in a civil case in which she was a party in interest and was, therefore, not only unworthy of belief but also morally undeserving of an award of damages.

*Id.* at p. 340.

Thus, the court concluded:

> we hold that, for purposes of impeachment, the fact of a prior conviction of a felony may be shown against a party-witness in a civil case, but that the name of the felony, other than perjury, and the details thereof may not be shown.

*Id.* at p. 340.

Here, after the jury returned its verdict, plaintiff renewed the motion for mistrial repeating the argument based on *Payne*. Defendant opposed the motion and argued, *inter alia*, that any error was not prejudicial because there is an ample basis in the evidence for the jury to find that plaintiff was contributorily negligent.

The customary way Virginia lawyers examine witnesses on the subject of criminal convictions for the purpose of impeachment usually goes like this: "Have you ever been convicted of a felony? Have you ever been convicted of a misdemeanor involving lying, cheating, or stealing?"

Under *Payne*, to identify the felony when examining a party-witness is *verboten*. The question here is whether the *Payne* rule extends to a misdemeanor categorized as one involving moral turpitude, namely petit larceny.

Because a felony conviction, no matter what felony is involved, is enough to set a ground for impeachment, naming the felony is not necessary. On the other hand, in the instance of impeachment due to conviction of a misdemeanor, the witness must be directed to the kind of misdemeanor, because not all misdemeanor convictions will serve as a basis for impeachment for this category of crime.

In the case of a misdemeanor conviction, the witness must be directed to the type of conviction because only those involving moral turpitude have any value for impeachment. So identifying the misdemeanor as one involving stealing will necessarily come into play.

The court does not believe that *Payne* set out a *per se* rule. Rather, the *Payne* court was concerned with what impression the jury may receive of plaintiff in a civil case when she was asked whether her felony conviction involved fraud.

Further, here, there was evidence to support a jury finding of contributory negligence based on the facts surrounding plaintiff's actions concerning the signal switch.

For these reasons the court does not feel that the question probably exerted an undue influence on the outcome in favor of defendant. Accordingly, plaintiff's motion to declare a mistrial, set the jury verdict aside and award a new trial is denied.