COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bray and Clements
Argued at Alexandria, Virginia


GREGORY BOYD

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2947-99-4     JUDGE JEAN HARRISON CLEMENTS
                                         APRIL 17, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                  William T. Newman, Jr., Judge

          Janell M. Wolfe for appellant.

          Shelly R. James, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Appellant Gregory Boyd was convicted in a jury trial of

robbery in violation of Code § 18.2-58.  On appeal, he contends

the trial court erred in allowing the Commonwealth to

cross-examine him about the nature of his prior felony offenses.

After examining the record, we conclude that, although the trial

court did err, that error was harmless.  Accordingly, we affirm

appellant's conviction.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, this opinion recites only those facts necessary to a

disposition of this appeal.

--------

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Boyd's sole contention on appeal is that the trial court erred in permitting the Commonwealth to question him on cross-examination about the nature of his prior felony convictions.

In reviewing Boyd's claim, we are guided by several established principles. When a defendant testifies in his own defense, he puts his credibility in issue. Smith v. Commonwealth, 212 Va. 675, 676, 187 S.E.2d 191, 192 (1972) (per curiam). The defendant's credibility may then be impeached by evidence of prior convictions. Sadoski v. Commonwealth, 219 Va. 1069, 1071, 254 S.E.2d 100, 101 (1979). The Commonwealth may ask the defendant on cross-examination "the number of times he has been convicted of a felony, but . . . not the names of the felonies, other than perjury, and not the nature or details thereof." Id.; see also Code § 19.2-269; Jewel v. Commonwealth, 30 Va. App. 416, 425-26, 517 S.E.2d 264, 269 (1999) (construing Code § 19.2-269 to mean that the Commonwealth may show the fact of defendant's felony convictions but not the names, other than perjury, and details thereof), aff'd, 260 Va. 430, 536 S.E.2d 905 (2000). Likewise, when the defendant "testifies on direct examination that he has been convicted previously of a certain number of felonies, he may be cross-examined only with respect to the correctness of the number stated and, if his answers are truthful, not with regard to the names or the nature of the offenses." McAmis v. Commonwealth, 225 Va. 419, 422, 304 S.E.2d 2, 4 (1983). Furthermore, a

-

defendant's credibility may be impeached by evidence of his prior misdemeanor convictions involving moral turpitude. <u>Chrisman v. Commonwealth</u>, 3 Va. App. 89, 348 S.E.2d 399 (1986).

Here, Boyd testified on his own behalf at trial. He testified on direct examination that he had been convicted of "six or maybe seven" felonies. He did not identify on direct examination the name or nature of any of his felony convictions. He also testified that he had been convicted of misdemeanors involving moral turpitude.

On cross-examination, the following exchange took place between the prosecutor and Boyd:

> Q. And defense counsel had asked you about your criminal record. You have approximately eight felony convictions. Is that right?
>
> A. Yes, sir — I mean, yes ma'am.
>
> Q. Okay. And some of those are for lying, cheating or stealing. Is that correct?
>
> A. I wouldn't say – I wouldn't say it exactly like that, lying, cheating or stealing. They was petit larcenies. You know what I mean? It was grand larceny, you know, but now — it wasn't for lying, cheating and stealing. That's what you trying to say.
>
> Q. Lying, cheating or stealing. Let's focus on stealing. Were any of the felonies for any stealing kinds of crimes?
>
> A. Yes. It was for petit larceny, yes.
>
> Q. The felonies? You know a felony is a more serious crime?

-

A.  Yes.

Q.  When your counsel asked you about felonies, do you understand what a felony is?

A.  Yes, I do.

Q.  Now, thinking back on your record, were any of those felonies, the serious ones, for involved — did those involve stealing?

A.  No.

Boyd's counsel then objected, asserting that the Commonwealth could not ask about the nature of Boyd's previous offenses.  The trial court overruled the objection, ruling that the Commonwealth could ask Boyd if he had been convicted of a felony involving lying, cheating, or stealing.  The cross-examination continued as follows:

Q.  I'm going to ask again about the felonies, the serious crimes.

A.  Yes, ma'am.

Q.  Any of those crimes, not the petit larcenies or misdemeanors but the serious crimes, has to do with stealing?

A.  No, ma'am.  It was a drug offense, my serious charge that I went to the institution for.

Q.  Okay.  Would it refresh your recollection, or do you just not remember or are you just saying no, I had no felony crimes involving stealing?

A.  I'm not saying that.

Q.  But if you looked at your criminal record, might you remember if you had any crimes involving stealing that were serious crimes?

-

            A.  Well, okay.  Yes, I did.  Yes, I
        did.  Okay.

            Q.  Do you remember now?

            A.  I'm just saying for to answer your
        question correctly, you know what I mean, you
        saying did I have any felonies that is for
        lying, cheating or stealing.  And as far as
        my recollection as do I have it?  Yes, I do.

            Q.  Okay.  And do you think there is
        probably three or four of those?

            A.  It may be, yes.

Because Boyd testified on direct examination that he had been

convicted previously of six or seven felonies, the Commonwealth

was permitted to question Boyd on cross-examination regarding the

correctness of the number stated.  McAmis, 225 Va. at 422, 304

S.E.2d at 4.  Once, however, Boyd testified truthfully that he had

been convicted of eight felonies, the Commonwealth was not

permitted to subsequently ask about the nature of his previous

felony convictions.  Id.  We hold, therefore, that the trial court

erred in allowing the Commonwealth to pursue its questioning of

Boyd regarding the nature of his previous felony convictions.

    However, our inquiry does not end there.  We must decide

whether the error requires reversal of Boyd's conviction.  A

non-constitutional error by the trial court is harmless if

            "it plainly appears from the record and the
            evidence given at the trial that" the error
            did not affect the verdict.  An error does
            not affect a verdict if a reviewing court
            can conclude, without usurping the jury's
            fact finding function, that, had the error

                              -

not occurred, the verdict would have been the same.

Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (quoting Code § 8.01-678). "Each case must . . . be analyzed individually to determine if an error has affected the verdict." Id. at 1009, 407 S.E.2d at 913.

In this case, it plainly appears from the record and the evidence given at the trial that the error did not affect the jury's verdict. The victim unequivocally identified Boyd as the person who robbed him. Furthermore, Boyd told the jury that he had eight previous felony convictions and that he had been convicted of misdemeanors involving moral turpitude. The improperly elicited evidence was limited to Boyd's disclosure that, of his eight felony convictions, one was for a drug offense and three or four involved lying, cheating, or stealing. No other details of those convictions were revealed.

Moreover, the trial court gave a limiting instruction that told the jury that the evidence of other offenses could only be considered for impeachment of the defendant and could not be considered as evidence of his guilt. When, as here, the record does not show otherwise, "it is to be presumed that the jury followed an explicit cautionary instruction." Albert v. Commonwealth, 2 Va. App. 734, 741, 347 S.E.2d 534, 538 (1986).

We can conclude, therefore, without usurping the jury's fact finding function, that, had the erroneously permitted questions

-

propounded to Boyd on cross-examination over defense counsel's objection not been asked, the verdict would have been the same. Accordingly, the error was harmless, and we affirm appellant's conviction.

<u>Affirmed.</u>