## CIRCUIT COURT OF FAIRFAX COUNTY .

Norman Sulton, Jr.

v.

FedEx Ground Package
System, Inc., et al.

June 1, 2010

Case No. CL-2009-12742

BY JUDGE JANE MARUM ROUSH

This matter came on for a hearing on May 14, 2010, on the plaintiff's motion in limine. The motion asks that the defendant be prohibited from mentioning at trial the plaintiff's prior felony convictions in that the plaintiff's political disabilities have been removed. At that time, I took the matter under advisement. I have now fully considered the pleadings, the applicable law, and the arguments of counsel. For the reasons stated below, that portion of the motion in limine that was taken under advisement will be denied.

*Facts*

The plaintiff claims that he was injured in a motor vehicle accident caused by the defendant's negligence. Trial is set for later this month.

Over thirty years ago, the plaintiff was convicted of two felonies, both involving the distribution of controlled drugs. In 2009, the Governor of Virginia removed the political disabilities arising from the plaintiff's convictions. Specifically, the Governor restored the plaintiff's rights to vote, to hold public office, to serve on a jury, and to be a notary public.

The Governor did not restore the plaintiff's right to ship, transport, possess, or receive firearms.

## Motion in Limine

In his motion in limine, the plaintiff argues that the removal of his political disabilities prevents the defendant from impeaching him at trial with the fact of his prior felony convictions. The plaintiff maintains that, other than the right to own or possess a firearm, "all other disabilities of former felony convictions are washed away by the restoration of the civil rights and the removal of political disabilities. … That logically includes impeachment by reason of the former felonies when testifying." Brief of Plaintiff at 2. The defendant responds that the restoration of limited rights to the plaintiff is not tantamount to a blanket pardon or an expungement of his record. Brief of Defendant at 2. The defendant maintains that, despite the removal of the plaintiff's political disabilities, the defendant may impeach his testimony at trial with the fact that he has been convicted twice of a felony.

## Discussion

Under Va. Code Ann. § 19.2-269, a convicted felon is not incompetent to testify, "but the fact of the conviction may be shown in evidence to affect his credit." Although the statute is found in the criminal procedure section of the Code of Virginia, it is applicable to civil cases. *Payne v. Carroll*, 250 Va. 336 (1995).

In *Payne v. Carroll*, 250 Va. 336 (1995), the Virginia Supreme Court held that:

> [F]or the purposes of impeachment, the fact of a prior conviction of a felony may be shown against a party-witness in a civil case, but that the name of the felony, other than perjury, and the details thereof may not be shown.

*Id.* at 340.

The Virginia Constitution vests in the Governor the power to "grant reprieves and pardons after conviction" and "to remove political disabilities consequent upon conviction." Va. Const., art. V, § 12.

Thus, the removal of political disabilities is separate from a reprieve or a pardon. In *Edwards v. Commonwealth*, 78 Va. 39 (1883), the Court

held that a pardon relieves both the "punishment annexed to the offence" and "all penalties and consequences, *except political disabilities.*" *Id.* at 44 (emphasis added). *See generally,* William F. Stone, Jr., Note, *Pardons in Virginia,* 26 Wash. & Lee L. Rev. 307 (1969) ("the granting of pardons and the removal of political disabilities have been thought of as separate and distinct actions by governors").

The removal of political disabilities is something less than an absolute pardon based on actual innocence, or even a simple pardon based on rehabilitation. It does not serve to expunge the conviction. It does not "blot out" the finding of guilt. *See generally,* Samuel Williston, *Does a Pardon Blot Out Guilt?,* 28 Harv. L. Rev. 648 (1915).

There are no Virginia appellate cases deciding whether a witness who has been convicted of a felony but whose political disabilities have been removed may be impeached with the fact of the conviction.

Virginia has no corollary to Federal Rule of Evidence Rule 609(c). Under that rule, a witness may not be impeached by a prior conviction if the witness has received a pardon based on a finding of innocence or a pardon based on a finding of rehabilitation (so long as the witness has not been convicted of any further felonies). Fed. R. Evid. 609(c). Rule 609(c), however, permits a witness to be impeached by a prior conviction if the witness has had his or her civil rights restored short of a pardon. The advisory committee's note to Rule 609(c) provides:

> A pardon or its equivalent granted solely for the purpose of restoring civil rights lost by virtue of a conviction has no relevance to an inquiry into character.

Fed. R. Evid. 609(c) advisory committee's note. *See also United States v. Jones,* 647 F.2d 696 (6th Cir. 1981); *United States v. Barrett,* 504 F.2d 629 (6th Cir. 1974).

Under Federal Rule of Evidence 609(b), a conviction more than ten years old generally cannot be used to impeach a witness. Virginia law places no time limitation on the use of convictions as impeachment. *O'Dell v. Commonwealth,* 234 Va. 672, 700 (1988). The time elapsed since the conviction goes to the weight, not the admissibility, of the evidence.

Several Virginia cases address what Professor Howard called the "thorny conceptual problem" of the "extent to which a pardon wipes the slate clean of all collateral consequences that had flowed from the original

conviction." 2 A. E. Dick Howard, *Commentaries on the Constitution of Virginia* 664 (1974).

In *Anglea v. Commonwealth*, 51 Va. (10 Gratt.) 696 (1853), the Supreme Court held that a defendant who had been pardoned was nonetheless required to pay the costs of his prosecution. In dicta, the Court noted that a pardon restores the competency of a convicted felon to testify as a witness, "yet it is said that the crime still goes to the credibility of the witness." *Id.* at 699. The Court concluded that a pardon "relieves the party of all penalties directly annexed to the offence, yet it does very little towards removing other consequences of the crime." *Id.* at 700.

In *Davidson v. Watts*, 111 Va. 394 (1910), the Court interpreted a statute that provided that a felon who had served his sentence or who had been pardoned was competent to testify as a witness. Virginia adopted the predecessor to current Va. Code § 19.2-269 in 1919. See generally, D. W. Woodbridge, *The Effect in Virginia of Conviction of Crime on Competency and Credibility of Witnesses*, 23 Va. L. Rev. 470 (1937). In *Davidson*, a non-party witness in a civil case had served his sentence. In cross-examination, he was impeached with the fact of his felony conviction, but the trial judge instructed the jury to disregard the evidence of his conviction. The Supreme Court held that, although the witness was competent to testify because he had served his sentence, "evidence of such conviction was proper to go to the jury." *Id.* at 398. The Court noted that "[i]t may be hard in many cases for a witness living an upright life to have his past misconduct brought before a jury," but such evidence is admissible on the issue of credibility. *Id.*

In *Prichard v. Battle*, 178 Va. 455 (1941), the Court held that a pardon does not "wipe out the fact of [the] conviction." *Id.* at 465. The facts of the *Prichard* case are instructive. In 1939, Prichard was convicted of leaving the scene of an accident. His driver's license was suspended for one year. In 1940, as a condition for the reinstatement of his license, Prichard was required to post an $11,000 bond and other unspecified collateral as evidence of his ability to pay any damages that he might cause in future accidents. In 1941, Prichard received "a full and complete pardon" from the Governor. Understandably, he wanted his bond and collateral back. The Director of the Division of Motor Vehicles refused, and Prichard sought a writ of mandamus from the Virginia Supreme Court. The Supreme Court denied mandamus. The Court held:

> [W]hile the pardon granted the petitioner relieves him from
> the punishment or penalty which the State might have

exacted of him for the offense, it does not wipe out the fact of his conviction or the fact that by reason of the act committed he is put in a class of persons regarded by the State as unfit to drive automobiles on the highways without making additional provision for the safety of others.

*Id.*

The plaintiff argues that these older Virginia cases are no longer good law because of the 1971 adoption of the present Constitution of Virginia, including Article V, § 12, which grants the Governor the power to remove political disabilities of convicted felons. A review of past constitutions of Virginia shows that the Governor has had the power to remove political disabilities since 1870. Indeed, other than a brief experiment with a Board of Pardon and Reprieves from 1945 to 1948, the Governor's clemency powers have remained virtually unchanged since 1870. *See* Va. Const. of 1870, art. IV, § 5; Va. Const. of 1902, § 73. *See also,* William F. Stone, Jr., Note, *Pardons in Virginia,* 26 Wash. & Lee L. Rev. 307, 308 (1969). Therefore, the precedential value of *Anglea, Davidson,* and *Prichard* was not affected by the adoption of the present Constitution of Virginia.

According to Professor Williston, "it has always been the law and still is that, in spite of the pardon, the conviction may be used to discredit the witness." Samuel Williston, *Does a Pardon Blot Out Guilt?,* 28 Harv. L. Rev. 648, 654 (1915). *See also,* R. P. Davis, Annotation, *Pardons as Affecting Impeachment by Proof of Conviction of Crime,* 30 A.L.R.2d 893 (1953). If a pardon does not "blot out" guilt for the purpose of discrediting a witness, the removal of political disabilities, which is considerably narrower than a pardon, does not prevent a witness whose political disabilities have been removed from being discredited by the conviction. A witness who is impeached with a prior conviction may rebut that impeachment with evidence that his or her civil rights have been restored. *See generally, Smith v. Commonwealth,* 161 Va. 1112 (1934).

*Conclusion*

For the foregoing reasons, the motion in limine will be denied to the extent it requests that the defendant be barred from impeaching the plaintiff with his felony convictions.

At the hearing on the motion in limine, the court ruled that the fact that the plaintiff did not disclose his convictions on his job application was not admissible as either a "prior bad act" or, in the absence of testimony from his employer, as an alternative explanation for why he lost his job.