**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Thursday, the 8th day of January, 2015.

Galen Shifflett,                                                    Appellant,

  against      Record No. 140273
              Court of Appeals No. 1675-12-3

Commonwealth of Virginia,                                          Appellee.

Upon an appeal from a judgment rendered
by the Court of Appeals of Virginia.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that the Court of Appeals of Virginia did not err in ruling that any alleged error by the Circuit Court of Rockingham County was harmless.

Galen Shifflett (Shifflett) was charged in the Circuit Court of Rockingham County with aggravated sexual battery in violation of Code § 18.2-67.3. A jury found Shifflett guilty, and he was fined $15,000 and sentenced to five years' imprisonment.

Shifflett appealed to the Court of Appeals, claiming that the circuit court erred because it allowed the Commonwealth to cross-examine him about whether a prior felony conviction involved lying, cheating or stealing. The Court of Appeals decided in Shifflett v. Commonwealth, Record No. 1675-12-3, 2014 Va. App. LEXIS 12, at *1, *7-8 (Jan. 14, 2014) that even if the circuit court erred in allowing the testimony, such error was harmless because other corroborating facts bolstered the victim's account of the events

compared to Shifflett's.  Thus, the Court of Appeals affirmed the conviction.

At trial, the Commonwealth presented the testimony of the alleged victim, Shifflett's niece, that Shifflett fondled her breasts.  Shifflett testified that the accusations against him were false.

Shifflett had previously been convicted of two felonies, one of which was subornation of perjury under Code § 18.2-436.  Outside the presence of the jury, the Commonwealth argued that it should be allowed to impeach Shifflett on cross-examination by asking him about his subornation of perjury conviction, by name.  The Commonwealth asserted that the subornation conviction should be deemed the same as a general perjury conviction.  Shifflett contended that the Commonwealth should not be allowed to mention the crime by name.  After hearing argument, the circuit court did not permit the Commonwealth to mention the crime of subornation of perjury by name, but ruled that the Commonwealth could ask Shifflett if he had been convicted of a crime involving lying, cheating or stealing.

Thereafter, on cross-examination the Commonwealth asked Shifflett if he had been convicted of a felony or a misdemeanor involving moral turpitude.  He answered that he had been convicted of two felonies.  The Commonwealth then asked Shifflett if one of the felonies had involved lying, cheating or stealing, and Shifflett answered affirmatively.  On appeal to this Court, Shifflett argues that the Court of Appeals erred in not reversing his conviction because the circuit court allowed the Commonwealth

2

to impeach him by eliciting evidence that he had been convicted of a felony involving lying, cheating or stealing.

Virginia statutory provisions and common law allow the Commonwealth to impeach the credibility of a testifying criminal defendant by asking if he has been convicted of a felony or a misdemeanor involving moral turpitude. See, e.g., Code § 19.2-269; Lincoln v. Commonwealth, 217 Va. 370, 374, 228 S.E.2d 688, 691 (1976) (citing McLane v. Commonwealth, 202 Va. 197, 203, 116 S.E.2d 274, 279-80 (1960)); Va. R. Evid. 2:609(a). Further, if the conviction was for perjury, the name of the offense may be used to impeach the defendant. See, e.g., McAmis v. Commonwealth, 225 Va. 419, 422, 304 S.E.2d 2, 4 (1983); Va. R. Evid. 2:609(a)(iii).

Our Court has stated that admission of the fact of conviction of prior felonies or of misdemeanors involving lying, cheating or stealing is allowed because the probative value of this information in the jury's determination of a defendant's credibility as a witness outweighs the prejudicial effect of the information upon the jury's determination of guilt or innocence. Harmon v. Commonwealth, 212 Va. 442, 446, 185 S.E.2d 48, 51 (1971). Mention of the name or further details of the prior crimes is not allowed because of the potential prejudicial effect of such information on the jury's determination of the defendant's guilt or innocence. Id.

Under the common law, felonies were considered crimes that reflected negatively upon the veracity of the defendant. Bell v. Commonwealth, 167 Va. 526, 530-31, 189 S.E. 441, 443-44 (1937); see also Chrisman v. Commonwealth, 3 Va. App. 89, 93-94, 348 S.E.2d 399, 401 (1986) (holding that felonies were "infamous" crimes of

3

"moral turpitude" that "cast doubt on the veracity of the convict"). Thus, unlike with a misdemeanor, there is no requirement that it be stated that a felony involves moral turpitude in order for a conviction thereof to be a basis for impeachment of a witness's credibility. A felony conviction is probative of a witness's veracity regardless of the substance of the felony. Regarding a misdemeanor, the fact that it involves moral turpitude is a necessary prerequisite for the conviction to be probative in the jury's determination of the witness's credibility.

Assuming, without deciding, that the circuit court erred when it allowed the Commonwealth to ask Shifflett whether one of his felony convictions involved lying, cheating or stealing, we hold that the error was harmless. In this instance, because the defendant was charged with sexual battery, the evidence that one of his felony convictions involved lying, cheating or stealing would only be evidence regarding his credibility, which was properly impeached because of his prior felony convictions.

We will not reverse a trial court for evidentiary errors that were harmless to the ultimate result. Under the harmless error doctrine, if there was "a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . for any . . . defect, imperfection, or omission in the record, or for any error committed on the trial." Code § 8.01-678. In this case, we apply the standard for non-constitutional harmless error, which is that such error is harmless if we can be sure that it did not "influence the jury" or had only a "slight effect." Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731-32

4

(2001)(quoting Kotteakos v. United States, 328 U.S. 750, 764-65 (1946)).

Information concerning the name or the details of a prior crime of which a defendant has been found guilty, whether it is a felony or a misdemeanor involving lying, cheating or stealing, is not allowed into evidence because such information increases the potential of prejudice to the defendant in the jury's determination of the defendant's guilt or innocence regarding the crime charged. Harmon, 212 Va. at 446, 185 S.E.2d at 51. Our Court has stated that the reason such evidence is excluded is because "it may mean more to them [the jury] than the mere fact that the defendant is a person of doubtful veracity." Id. In Harmon, the defendant charged with murder was being cross-examined about the details of a prior killing he had previously perpetrated. Id. at 444-45, 185 S.E.2d at 50-51. However, as the United States Supreme Court has noted in discussing the issue of identifying by name a defendant's prior conviction, where the prior offense is not similar to that for which a defendant is presently on trial, its different nature means "that its potential to prejudice the defendant unfairly will be minimal." Old Chief v. United States, 519 U.S. 172, 185 (1997).

In this instance, the additional information allowed into evidence regarding Shifflett's felony conviction, that it involved lying, cheating or stealing, did not convey anything more than "the mere fact that the defendant is a person of doubtful veracity." See Harmon, 212 Va. at 444-46, 185 S.E.2d at 50-51. It had no prejudicial effect as to his guilt or innocence of sexual battery. In other words, the fact that one of his felony convictions

5

involved lying, cheating or stealing did not in any way suggest to the jury that he might be more inclined to commit a sexual battery.

In prosecutions for other offenses, the disclosure of information that a defendant has been convicted of a felony involving lying, cheating or stealing might have a prejudicial effect on the jury's determination of guilt or innocence because the specific crime alleged involves lying, cheating or stealing. See, e.g., Payne v. Carroll, 250 Va. 336, 340, 461 S.E.2d 837, 839 (1995) (holding that mentioning that a party defendant had a prior felony conviction involving fraud could mean more to the jury than she was a person of doubtful veracity because the civil case involved allegations of her committing fraud). However, this case involves allegations of sexual battery. Therefore, the evidence that one of Shifflett's prior felony convictions involved lying, cheating or stealing was only probative of his credibility, which was already properly impeached by evidence of his felony convictions. Having reviewed the whole record, including the testimony of all witnesses, we can conclude with fair assurance that Shifflett received a fair trial because the alleged error did not influence the jury or, at most, had only a slight effect. Thus, such error was harmless.

For these reasons, the Court affirms the judgment of the Court of Appeals. The appellant shall pay to the Commonwealth of Virginia two hundred and fifty dollars damages.

6

This order shall be certified to the Court of Appeals of Virginia and to the Circuit Court of Rockingham County, and shall be published in the Virginia Reports.

_____

SENIOR JUSTICE KOONTZ, with whom JUSTICE MILLETTE and JUSTICE POWELL join, dissenting.

I respectfully dissent.  In my view, the circuit court erred in permitting the Commonwealth to cross-examine Galen Shifflett about whether either of his two prior felony convictions were for crimes involving "lying, cheating or stealing," and, further I conclude that this error was not harmless based on the record before us in this appeal.

Shifflett was indicted for aggravated sexual battery by force, threat or intimidation of a victim 13 or 14 years of age.  Code § 18.2-67.3.  Shifflett had previously been convicted of the felony of eluding police, Code § 46.2-817, and the felony of subornation of perjury, Code § 18.2-436.

Shifflett elected to testify at his trial.  When an accused elects to testify in his own defense, he places his credibility at issue.  In such cases, upon cross-examination of the accused, the Commonwealth is entitled to cast doubt upon the veracity of the accused by placing into evidence his prior criminal history.  However, in order to protect against undue prejudice resulting from such evidence, the scope of the permissible cross-examination by the Commonwealth has long been limited by common law, statute, the decisions of this Court, and by the recently adopted Virginia Rules

of Evidence.  See, e.g., Code § 19.2-269; Va. R. Evid. 2:609(a)(iii); Sadoski v. Commonwealth, 219 Va. 1069, 1070, 254 S.E.2d 100, 101 (1979); Harmon v. Commonwealth, 212 Va. 442, 446, 185 S.E.2d 48, 51 (1971).  In sum, as the majority here correctly relates, the Commonwealth is permitted to impeach the credibility of the accused by inquiring on cross-examination whether the accused previously has been convicted of any felony or a misdemeanor involving moral turpitude.  The Commonwealth is permitted to establish the number of any such convictions, but not the name or nature of the underlying crimes.  The sole exception is that the Commonwealth may elicit evidence of a conviction for perjury by name.

Shifflett had two misdemeanor convictions which were not for crimes of "moral turpitude," and thus were not proper evidence for impeachment.  However, his felony convictions for eluding police and subornation of perjury were properly subject to use for impeachment purposes.  Evidence of the latter conviction became the focus of this appeal.

By a motion made during trial, Shifflett sought a ruling from the circuit court that would have limited the Commonwealth's cross-examination regarding his conviction for suborning perjury.  He contended that the Commonwealth should be permitted to establish only the fact of this felony conviction but not the name of the underlying crime.  Shifflett conceded that Code § 19.2-269 (and Va. R. Evid. 2:609(a)(iii)) permits naming perjury specifically, but contended that this refers to the specific crime defined under Code § 18.2-434, not the separate crime of subornation of perjury defined under Code § 18.2-436.  The Commonwealth responded that

8

subornation of perjury, although defined as a separate crime in the Code, is a "class of perjury" because it is "punished as prescribed in § 18.2-434." Thus, the Commonwealth asserted that Code § 19.2-269 was "broad enough" to allow impeachment by naming the offense of subornation of perjury.

The Commonwealth also asserted that it had the right to ask Shifflett whether he had ever been convicted of any crime involving lying, cheating or stealing. The Commonwealth maintained that it was not required to "use the phrase a crime of moral turpitude" and this was so whether the conviction was for a misdemeanor or a felony. The Commonwealth then advised the circuit court that "if [Shifflett] takes the stand I am going to ask him whether he's been convicted of any felony involving lying, cheating or stealing. And his answer will determine whether or not I have the ability to present anything else." The circuit court, noting Shifflett's exception, ruled that it would permit the Commonwealth to ask Shifflett whether he had been convicted of any felony involving "lying, cheating or stealing."

Shifflett's sole assignment of error raises the issue whether the circuit court erred in permitting the Commonwealth to cross-examine him regarding the nature of either of his two prior felony convictions as involving lying, cheating or stealing. Shifflett contends that the Commonwealth should have been permitted to adduce that he had been convicted of two felonies, and nothing more. The Commonwealth, by assignment of cross-error, contends that the Court of Appeals of Virginia erred in failing to expressly hold that Shifflett could have been properly impeached under Code § 19.2-269 by naming his prior suborning perjury conviction.

9

In the majority opinion of a divided panel of the Court of Appeals, <u>Shifflett v. Commonwealth</u>, Record No. 1675-12-3, 2014 Va. App. LEXIS 12, at *1 (January 14, 2014), and in this Court's order today, neither issue raised by the parties is addressed by simply "[a]ssuming, without deciding," that the action of the circuit court was error. The majority in each decision then finds, albeit by different rationales, that such error was harmless. Because, in my view, the provisions of Code § 19.2-269 (and Va. R. Evid. 2:609(a)(iii)) plainly indicate that the circuit court erred, such an assumption is both unnecessary and unhelpful to the trial courts and the bar, which undoubtedly would welcome guidance regarding the error in this case.

Perjury is a specific crime defined by Code § 18.2-434, in pertinent part, as the act of a person who under oath "willfully swears falsely on such occasion touching any material matter or thing." Code § 18.2-435 further provides that "[i]t shall likewise constitute perjury for any person, with the intent to testify falsely," to give conflicting statements under oath in separate proceedings.

By contrast, Code § 18.2-436 defines subornation of perjury as procuring or inducing another to commit perjury. Although this crime "shall be punished as prescribed in § 18.2-434," the statute does not, as is the case in Code § 18.2-435, state that subornation of perjury "constitute[s] perjury." It is thus clear that the legislature intended to define perjury and subornation of perjury as separate and distinct crimes, albeit crimes deserving of the same punishment.

10

"Statutes which are not inconsistent with one another, and which relate to the same subject matter, are in pari materia, and should be construed together; and effect should be given to them all, although they contain no reference to one another." White v. Commonwealth, 203 Va. 816, 819, 127 S.E.2d 594, 596 (1962)(internal quotation marks and citation omitted).  We must assume that in using the term "perjury" in Code § 19.2-269, the General Assembly was aware that it had defined that crime in Code §§ 18.2-434 and 18.2-435.  Accordingly, as used in Code § 19.2-269, the word "perjury" cannot be expanded beyond the definition found in Code §§ 18.2-434 and 18.2-435 to include subornation of perjury, a separate crime both at common law and under the Code.  In order to adopt the Commonwealth's construction of Code § 19.2-269, we would have to "add language to the statute . . . [or] accomplish the same result by judicial interpretation," which is not within the province or power of this Court.  Jackson v. Fidelity & Deposit Co., 269 Va. 303, 313, 608 S.E.2d 901, 906 (2005).

Because the Commonwealth was not permitted to impeach Shifflett by naming his felony conviction as subornation of perjury, it is self-evident that the circuit court should not have permitted the Commonwealth to inquire into the nature of that offense as involving "lying, cheating or stealing."  While such questions are proper with regard to a prior misdemeanor conviction of the accused, conviction of a felony is, without more, the basis for impeaching the credibility of the accused.  Code § 19.2-269; Va. R. Evid. 2:609(a)(iii).  Characterizing a particular felony as a crime involving "lying, cheating or stealing" unduly emphasizes the nature of the crime and, moreover, exceeds the limitation on

11

the Commonwealth's right to cross-examine the accused with regard to his criminal history.  For these reasons, in my view, the circuit court erred in permitting the Commonwealth to inquire into the nature of Shifflett's felony convictions.

I also cannot agree with the majority that this error was harmless.  The majority is correct that the improper admission of impeachment evidence does not amount to error of constitutional dimension and, thus, under Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E. 2d 728, 731 (2001), reviewing courts cannot assume harmless error and must instead examine the entire record in order to decide whether "alleged error substantially influenced the jury."  I further agree with the majority, citing Old Chief v. United States, 519 U.S. 172, 185 (1997), that in the typical case where improper impeachment is not similar to the offense for which a defendant is on trial, there is less potential that the evidence will be considered for an improper purpose or unduly prejudice the defendant's credibility in the eyes of the jury.

However, this is not the typical case.  Throughout the trial, both the Commonwealth and Shifflett placed particular emphasis on the competing credibility of the complaining witness and Shifflett, and whether there was a motivation for either to fabricate testimony.  Shifflett emphasized that the alleged victim was having difficulty with her father's relationship with his girlfriend, implying that she may have fabricated the assault allegation in an effort to have her father "pay more attention to me."  The Commonwealth emphasized the fact of the complaining witness' recent report of the alleged assault and Shifflett's lack of credibility because of his prior felony convictions.  Indeed, in Shifflett's

12

motion to strike the Commonwealth's evidence at the close of the case, the circuit court stated, "Basically we have a factual question and it's going to be credibility and it's a jury question."

The harm of improper impeachment of a witness is that it both damages the witness's credibility and prejudices the jury against the witness's character.  See Payne v. Carroll, 250 Va. 336, 340, 461 S.E.2d 837, 838-39 (1995) (holding that improper impeachment renders the witness not only unworthy of belief in the eyes of the jury "but also morally undeserving" of a favorable verdict).  In the present case, determining the credibility of the complaining witness and Shifflett was the paramount issue to be resolved by the jury.

In the absence of any independent witness testimony or forensic evidence that an assault occurred, the sole aspect of the Commonwealth's case corroborating the testimony of the complaining witness was her recent complaint of the alleged assault.  Code § 19.2-268.2.  Under these circumstances, permitting the Commonwealth to improperly impeach Shifflett's credibility by denominating one of his felony convictions as involving "lying, cheating or stealing" undoubtedly substantially influenced the jury's view of his testimony that no assault occurred and his theory that the complaining witness had an ulterior motive for fabricating the accusation.  Accordingly, it cannot be concluded that Shifflett received a fair trial, Code § 8.01-678, and that the error did not prejudice the jury's determination of his guilt.

For these reasons, I would reverse the judgment of the Court of Appeals, set aside Shifflett's conviction, and remand the case

13

to the circuit court with instructions for a new trial if the Commonwealth be so advised.

A Copy,

Teste:

Patricia L. Harrington, Clerk