## Richmond

Farrell B. Carter v. Barry C. Shoemaker.

June 11, 1973.

Record No. 8142.

Present, I'Anson, Carrico, Harrison, Cochran, Harman and Poff, JJ.

*Andrew W. Wood* (*Wood & Street,* on brief), for plaintiff in error.

*John J. Wicker, Jr.* (*Wicker, Goddin & Duling,* on brief), for defendant in error.

Per Curiam.

Plaintiff, Farrell B. Carter, instituted this proceeding against the defendant, Barry C. Shoemaker, to recover damages for personal injuries suffered when the motorcycle he was operating was in collision with an automobile driven by the defendant.

The sole question presented is whether the trial court erred in not declaring a mistrial for improper remarks by counsel.

In his opening statement to the jury, counsel for the defendant told them that: "The evidence will be he [plaintiff] had been in several accidents while Mr. Shoemaker has never been in any." Counsel for the plaintiff immediately asked for a conference with the court, and moved for a mistrial. During the discussion at the bench between the court and counsel, defendant's counsel stated that the plaintiff had

"had a fatal accident just before and . . . ." Immediately after this statement the court directed the jury to repair to their room, and the discussion continued.

The motion for a mistrial was overruled, and when the jury returned to the courtroom the trial court directed them to disregard the statement of counsel that plaintiff may have been in several accidents, while Mr. Shoemaker had never been in any, and to disregard any statements that the jury may have overheard in the discussion at the bench before they were asked to leave the courtroom.

A mistrial will not be declared for minor irregularities and mistakes that occur during the trial of a case which may be cured by the court's direction to the jury to disregard the objectionable evidence or statements. But where there is a manifest probability that objectionable evidence or statements before the jury are prejudicial to the adverse party, the error is not cured by the court's instruction. *Wash. & O. D. Co.* v. *Ward*, 119 Va. 334, 339, 89 S.E. 140, 142 (1916).

In the present case, the opening statement of counsel to the jury indicated as a fact that plaintiff was accident prone and defendant was not. The statement was not proper. It is also conceivable that the jurors may have overheard the other objectionable statement made by defendant's counsel and that was the reason the court directed the jury to disregard any statements they may have overheard in the discussion at the bench. Under all the circumstances here there was a manifest probability that the objectionable statements of counsel were prejudicial to the plaintiff, and the error was not cured by the court's instruction.

We therefore reverse the judgment and remand the case for a new trial.

*Reversed and remanded.*