PRESENT: All the Justices

JAMES EDWARD LOWE

v. Record No. 032707    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                       September 17, 2004
BARBARA E. CUNNINGHAM

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
J. Leyburn Mosby, Jr., Judge


In this appeal of a judgment in a personal injury action, we consider whether the circuit court erred in denying the plaintiff's motion for a mistrial.

The following facts are relevant to this appeal. In August 1998, James E. Lowe was operating a motor vehicle in the City of Lynchburg. After Lowe stopped his vehicle at a "red light" at an intersection, his vehicle was struck from behind by another vehicle operated by Barbara E. Cunningham.

Lowe filed a motion for judgment against Cunningham alleging that he was injured as a result of Cunningham's negligence. At trial, Lowe presented evidence that he sustained injuries to his back, right knee, and a wrist as a result of the accident. The evidence also showed that Lowe suffered from certain pre-existing conditions, including scoliosis of the spine and degenerative arthritis in his back and right knee. Lowe presented evidence of medical expenses allegedly related to the accident in the total amount of $11,314.75.

During cross-examination of Lowe, the following colloquy occurred between Lowe and Cunningham's counsel:

Q. At the time of this accident, you were living with Laquesta Andrews, who is the mother of one of your children; is that right?

A. Right.

Q. In fact, that's where you went after the accident . . . to her home?

A. Yes.

Q. Is that right? And you continued to live with her until you got into a little trouble with the law about not paying child support?

Lowe did not answer this final question from Cunningham's counsel. Lowe's counsel immediately objected to the question and asked the court for permission to make a motion outside the presence of the jury. After the jury retired to the jury room, Lowe's counsel moved for a mistrial on the ground that Cunningham's counsel introduced "elements of [Lowe's] criminal record into a case when it's not relevant evidence."

Cunningham's counsel responded that Lowe stated in his pre-trial deposition that he had spent 90 days in jail for his failure to pay child support, and that Lowe had also complained that he suffered from injuries to his knee during that same time period. Cunningham's counsel argued that his question was relevant to show the nature of Lowe's activities and limitations during the time he claimed to be suffering from his injuries.

2

The circuit court sustained Lowe's "objection to the child support issue" on the ground that "the prejudicial value of that outweighs any probative value." The court denied Lowe's motion for a mistrial and instructed the jury to "disregard any information about child support or failure to pay."

Throughout the trial, Cunningham contested the cause of Lowe's injuries. She argued to the jury that his knee and back injuries resulted from his pre-existing conditions, rather than from the motor vehicle collision.

After the jury returned a verdict in favor of Lowe and fixed his damages at $575, Lowe renewed his motion for a mistrial. The court denied the motion and entered judgment in accordance with the jury verdict. Lowe appeals.

Lowe argues that the circuit court abused its discretion in denying his motion for a mistrial. He observes that his record for failing to pay child support was not competent impeachment evidence because he was not convicted of a felony or a misdemeanor involving moral turpitude. Lowe also asserts that his failure to pay child support was irrelevant to his personal injury claim, and that the deliberate injection of this issue into the case resulted in prejudice that could not be cured by a cautionary instruction.

In response, Cunningham argues that the circuit court did not abuse its discretion in denying Lowe's mistrial motion. She

3

notes that Lowe did not answer her counsel's question, which Cunningham asserts was intended to refute Lowe's claim concerning the extent of his damages. Cunningham further observes that under this Court's jurisprudence, the jury is presumed to have followed the trial court's cautionary instruction. Alternatively, Cunningham contends that any error caused by the denial of the mistrial motion was harmless, and that the record supports the jury verdict because there was "ample evidence" from which the jury could have concluded that Lowe's injuries resulted from his pre-existing conditions.

We review a challenge to a trial court's denial of a mistrial motion in accordance with established principles. The decision whether to grant a motion for a mistrial is a matter submitted to the trial court's sound discretion. Clark v. Chapman, 238 Va. 655, 661, 385 S.E.2d 885, 888 (1989); State Farm Mut. Auto. Ins. Co. v. Futrell, 209 Va. 266, 274, 163 S.E.2d 181, 187 (1968); see Rose v. Jaques, 268 Va. 137, 157, 597 S.E.2d 64, 76 (2004); Robertson v. Metro. Wash. Airport Auth., 249 Va. 72, 77, 452 S.E.2d 845, 847 (1995). This broad discretionary power reflects in part the principle that a jury is presumed to have followed a timely and explicit cautionary instruction directing it to disregard an improper remark or question by counsel. See Stump v. Doe, 250 Va. 57, 62, 458 S.E.2d 279, 282 (1995); Hamer v. School Bd. of the City of

4

*Chesapeake*, 240 Va. 66, 75, 393 S.E.2d 623, 628-29 (1990); *Maxey v. Hubble*, 238 Va. 607, 615-16, 385 S.E.2d 593, 597 (1989).

The general rule in this Commonwealth is that absent a manifest probability of prejudice to an adverse party, a new trial is not required when a court sustains an objection to an improper remark or question by counsel and thereafter instructs the jury to disregard the remark or question. *Kitze v. Commonwealth*, 246 Va. 283, 288, 435 S.E.2d 583, 585 (1993); *Clark*, 238 Va. at 661, 385 S.E.2d at 888; *Carter v. Shoemaker*, 214 Va. 16, 17, 197 S.E.2d 181, 182 (1973); *Norfolk S. Ry. Co. v. Harris*, 190 Va. 966, 975, 59 S.E.2d 110, 114 (1950). A different standard would place an undue burden on the trial courts that would impede the efficient administration of justice. *Kitze*, 246 Va. at 288, 435 S.E.2d at 585; *Saunders v. Commonwealth*, 218 Va. 294, 303, 237 S.E.2d 150, 156 (1977); *Washington & Old Dominion Ry. v. Ward*, 119 Va. 334, 339, 89 S.E. 140, 142 (1916).

"Conversely, as an exception to the [general] rule, if the prejudicial effect of the impropriety cannot be removed by the instructions of the trial court, the [adverse party] is entitled to a new trial." *Kitze*, 246 Va. at 288, 435 S.E.2d at 585 (quoting *Saunders*, 218 Va. at 303, 237 S.E.2d at 156); *see Harris*, 190 Va. at 975, 59 S.E.2d at 114. Thus, a court is required to grant a new trial, if requested, when the

prejudicial effect of an improper remark or question is overwhelming, such that it cannot be cured by a cautionary instruction.  Hamer, 240 Va. at 75, 393 S.E.2d at 629; Maxey, 238 Va. at 616, 385 S.E.2d at 597.

The trial court's determination whether a statement or question of counsel is so inherently prejudicial that the prejudice cannot be cured by a cautionary instruction must be guided by a consideration of several factors.  These factors include the relevance and content of the improper reference, and whether the reference was deliberate or inadvertent in nature. The court also must consider the probable effect of the improper reference by counsel.  All these factors must be considered because not every irrelevant statement or question will result in prejudice to an opposing party.  See Virginia-Lincoln Furniture Corp. v. Southern Factories & Stores Corp., 162 Va. 767, 781, 174 S.E. 848, 854 (1934).  To justify a new trial, the nature of counsel's improper reference must be "likely to inflame the passion or instill a prejudice in the minds of the jury."  Id.; see also Kitze, 246 Va. at 288, 435 S.E.2d at 585; Meade v. Belcher, 212 Va. 796, 799, 188 S.E.2d 211, 213 (1972).

In the present case, counsel's question addressed matters that were irrelevant to the issue of Lowe's damages.  Lowe was not seeking damages for lost wages during the time that he was incarcerated after the accident.  In addition, Lowe's failure to

6

pay child support did not result in either a felony conviction or a misdemeanor involving moral turpitude and, therefore, could not be used to impeach his credibility. See Godbolt v. Brawley, 250 Va. 467, 472, 463 S.E.2d 657, 660 (1995); Great Coastal Express, Inc. v. Ellington, 230 Va. 142, 147, 334 S.E.2d 846, 850 (1985); Lincoln v. Commonwealth, 217 Va. 370, 374, 228 S.E.2d 688, 691 (1976); Land v. Commonwealth, 211 Va. 223, 226, 176 S.E.2d 586, 588 (1970). Thus, in the absence of any demonstrated probative value or proper purpose, the content of defense counsel's question served only to imply that Lowe had been in "trouble with the law" for failing to pay child support, and that he may have been incarcerated for that reason.

We also observe that defense counsel's reference to these matters was deliberate, rather than inadvertent. When counsel deliberately places irrelevant issues before a jury for an improper purpose, the likely necessity of granting a mistrial increases. See Forsberg v. Harris, 238 Va. 442, 445, 384 S.E.2d 90, 91 (1989); Davis v. Maynard, 215 Va. 407, 408, 211 S.E.2d 32, 32-33 (1975).

We conclude that defense counsel's deliberate and improper reference to Lowe's child support delinquency and "trouble with the law" was so inherently prejudicial to the jury's perception of his character and credibility that the effect of the impropriety could not be removed by the trial court's

7

instruction. This holding is necessarily specific to the facts of this case and does not signal a departure from the general principle that a jury is presumed to have followed a court's timely and explicit cautionary instruction. Rather, our decision is required by the opprobrium that rightly attaches to the actions of parents who shirk their child support obligations. The probable effect of deliberately placing Lowe's child support delinquency before the jury was to suggest that because he had failed to honor this most basic social and legal obligation, he should not be "rewarded" with a significant damage award.

Our conclusion is not altered by the fact that the trial court did not require Lowe to answer the improper question, or by the fact that counsel did not persist in attempting to place that information into evidence before the jury. While the presence of these factors could have caused Lowe greater prejudice, their absence does not negate the inherently prejudicial impact of defense counsel's question.

Because we hold that defense counsel's question was inherently prejudicial, we do not reach the issue whether the jury could have arrived at the same verdict based on the disputed evidence concerning the cause of Lowe's injuries. Accordingly, we conclude that the trial court abused its discretion in denying Lowe's motion for a mistrial.

8

For these reasons, we will reverse the trial court's judgment and remand the case for a new trial limited to the issue of damages.

<u>Reversed and remanded.</u>

JUSTICE AGEE, with whom JUSTICE LACY and JUSTICE KINSER join, dissenting.

The majority concludes that the "deliberate and improper reference to Lowe's child support delinquency . . . was so inherently prejudicial to the jury's perception of his character and credibility that the effect of the impropriety could not be removed by the trial court's instruction."  I disagree.  In my view, the trial court's denial of Lowe's request for a mistrial was properly within its sound discretion and in accord with our prior precedent.  The circumstances surrounding the improper question, combined with the trial court's cautionary instruction, sufficiently negated any deemed prejudice.  Furthermore, counsel's conduct in this case did not rise to the level of impropriety that we found objectionable in the cases cited by Lowe and the majority.

> Where counsel makes an improper statement and the court takes prompt action to remove it by appropriate instruction to the jury, <u>it will ordinarily be presumed that the jury heeded the instruction and that no lasting harm was done</u>. But where the prejudicial effect is so overwhelming that it cannot be removed by the court's instruction, the injured party, if he requests it, is entitled to a new trial.  The injured party's right to a new trial is especially strong where his

9

> opponent has persisted in an objectionable course
> of conduct after the trial judge has expressed
> disapproval of it, sustained an objection to it, or
> instructed the jury to disregard it. In that
> situation, an appellate court will presume that the
> prejudicial effect of the improper conduct was too
> strong to be removed by further admonitions or jury
> instructions.

Maxey v. Hubble, 238 Va. 607, 615-16, 385 S.E.2d 593, 597 (1989) (emphasis added) (citation omitted).

Although not cited by the majority, Lowe relied extensively on this Court's opinion in Payne v. Carroll, 250 Va. 336, 461 S.E.2d 837 (1995). In Payne, defense counsel asked the following question during cross-examination of the plaintiff: "Now, you, ma'am, have been convicted of a felony involving fraud, haven't you?" 250 Va. at 338, 461 S.E.2d at 838. The plaintiff responded affirmatively and her counsel objected on the basis "that the defense had no right to disclose the nature of the felony." Id. (internal quotation marks omitted). The trial court denied the plaintiff's motion to set aside the verdict and refused to grant a new trial. We reversed the trial court and held that, "for purposes of impeachment, the fact of a prior conviction of a felony may be shown against a party-witness in a civil case, but that the name of the felony, other than perjury, and the details thereof may not be shown." Id. at 340, 461 S.E.2d at 839.

Multiple factors distinguish the case at bar from Payne and argue against classifying counsel's statement in the present case

10

as so "overwhelming" that a finding that the trial court abused its discretion is warranted. Among them: (1) the trial court sustained Lowe's objection to defense counsel's question, (2) Lowe did not answer the improper question, (3) the trial court promptly gave a cautionary instruction, (4) the improper question did not establish a conviction or that the subject matter related to a crime, and (5) there was no continuing course of conduct by defense counsel. In my view, the ameliorative effect of these cumulative circumstances mitigated any prejudicial effect such that Lowe was not entitled to a mistrial.

The cases cited by the majority can be readily distinguished from the case at bar, both factually and by the scope of the prejudicial statement at issue. In Kitze v. Commonwealth, 246 Va. 283, 435 S.E.2d 583 (1993), we set aside a criminal conviction because the prosecutor, during his closing argument, improperly argued that a finding of insanity would result in the defendant going free. 246 Va. at 287-88, 435 S.E.2d at 584-85. Unlike the present case, the trial court in Kitze overruled the defendant's objection and did not give an immediate or directly related cautionary instruction. Id. at 288, 435 S.E.2d at 585.

In Hamer v. School Bd. of the City of Chesapeake, 240 Va. 66, 393 S.E.2d 623 (1990), we reversed a trial court's denial of a mistrial because "[c]ounsel's persistence in a course of conduct which the court had disapproved and instructed the commissioners

11

to exclude from their considerations . . . raised a presumption that 'the prejudicial effect of the improper conduct was too strong to be removed by further admonitions.' " Id. at 76, 393 S.E.2d at 629. Moreover, the trial court overruled objections to some of trial counsel's prejudicial remarks. By contrast, the inappropriate but unanswered question posed to Lowe did not reflect a continuing course of conduct and a prompt cautionary instruction was given.

Likewise, in Maxey, it was also the attorney's pernicious and persistent conduct, despite repeated admonition by the trial court, which required reversal of that court's decision not to grant a mistrial. We based that decision "upon the cumulative effect of plaintiff's counsel's repeated statements, [which] persisted . . . notwithstanding the trial court's rulings." Maxey, 238 Va. at 616, 385 S.E.2d at 597; see also Rinehart & Dennis Co. v. Brown, 137 Va. 670, 675-76, 120 S.E. 269, 271 (1923) (plaintiff's counsel persisted in alluding to insurance in a tort case).

According to the majority, the improper question posed by defense counsel in this case constituted an attempt to take advantage of the "opprobrium that rightly attaches to the actions of parents who shirk their child support obligations" by suggesting to the jury that such a miscreant ought not to be rewarded. However, child support often involves a civil, not

12

criminal, matter and a question about "a little trouble with the law about not paying child support," left unanswered, does not establish that Lowe was ever convicted of a crime. Neither does it establish Lowe was ever, in fact, deficient in any child support due from him.

There is one additional distinguishing characteristic of the case at bar; the plaintiff received a verdict in his favor. Lowe argues that "[e]ven though the jury found for [him] on the issue of liability, the damage award did not even cover [his] emergency room visit and attendant bills." However, there was evidence before the jury that many of Lowe's injuries resulted from preexisting conditions and Lowe has not shown how the unanswered question at issue in this case prejudiced the jury to such a degree that it did not make a fair award. As the trial court stated in entering an order on the jury's verdict, "[the award is] certainly within the evidence that the Court's heard."

In my view, the mitigating factors discussed above placed the inappropriate conduct squarely within the presumption "that the jury heeded the [trial court's] instruction and that no lasting harm was done." Maxey, 238 Va. at 615, 385 S.E.2d at 597. This is particularly true in this case because a verdict was returned for the plaintiff and there is evidence in the record supporting the amount of the verdict. For all these reasons, I do not find

the trial court abused its discretion in denying the mistrial

motion and, therefore, I respectfully dissent.