## CIRCUIT COURT OF LOUDOUN COUNTY

Benjamin D. Meyer et al.

v.

Jeffrey M. Schulman et al.

December 1, 2004

Case No. (Law) 29942

BY JUDGE THOMAS D. HORNE

This case came before the Court on the renewed motions of the plaintiff for a mistrial and to set aside the verdict of the jury and to grant a new trial on all issues. During argument on the admissibility of the testimony of one of plaintiff's experts, counsel for the defendants made reference to a prior nonsuit taken by the plaintiff concerning the instant claim. Specifically, counsel stated the following in the presence of the jury:

> I would note Dr. Atkinson was deposed prior to the time when the plaintiff decided to voluntarily dismiss his case and before he decided to refile the case. The designation that was made in this case incorporates the deposition from the prior case and certainly in no way specifies that Dr. Atkinson will testify about any specific opinions.

Counsel for the plaintiff made timely objection and motion for a mistrial out of the presence of the jury. The Court denied the motion and permitted the trial to go forward. However, immediately after the jurors' return following the arguments of counsel and the decision of the Court on the motion, the following instruction was promptly given:

> Ladies and gentlemen of the jury, while you are opening those packets [that contained their notes] I have a question for all of you; but first I will remind you that at the beginning of this trial I advised you not to concern yourself with any objections by counsel or the Court's reasons for its rulings. And from time to time counsel may make objections and state certain things. They are not evidence in the case and must be disregarded. The evidence comes to you in the form of the testimony of witnesses and exhibits submitted into evidence, not what counsel say. Nor are you to speculate upon what counsel may say in this case.

Following the giving of this instruction, the Court polled the jurors as follows, "Can all of you abide by that instruction and base your decision solely on the law and the evidence in the case?"

To this inquiry by the Court, the jurors gestured that they could follow the instruction. The trial continued and a verdict rendered in favor of the defendant.

It is clear that the statement by counsel given in the course of argument concerning the deposition in the presence of the jury was improper. Counsel could have easily referred to deposition without disclosing the prior nonsuit, or have requested leave to approach the bench and offer objection out of the presence of the jury. Plaintiff contends that the cautionary instruction fell short of correcting any error interjected by the comment and that the granting of a mistrial is required.

In reviewing plaintiff's motion, the Court is guided by the well established Virginia rule that:

> a judgment will not be reversed for the admission of evidence or for a statement of counsel which the court afterwards directs the jury to disregard unless there is a manifest probability that the evidence or statement has been prejudicial to the adverse party. A different rule would result in fixing an intolerable handicap upon the *nisi prius* court. Conversely, as an exception to the rule, if the prejudicial effect of the impropriety cannot be removed by the instructions of the trial court, the defendant is entitled to a new trial.

*Albert v. Commonwealth*, 2 Va. App. 734, 740 (1986).

Moreover, while, "there are cases in which the error of admitting improper testimony, or the effects of mere statements of counsel, cannot be

adequately overcome by a subsequent direction to the jury to disregard the objectionable evidence or statements," it has been held that, "[s]uch cases . . . are exceptions." *Washington & Old Dominion Ry. v. Ward's Administrator*, 119 Va. 334, 339 (1916). Thus, it has been found that prompt action by the trial court in instructing the jury to disregard inadmissible outcomes in collateral proceedings precluded the necessity of the granting of a mistrial. *Id.*

In deciding whether the motion for a mistrial should be granted, the Court is guided by several factors that have been the subject of comment by the Supreme Court of Virginia. Thus, it has been found that:

> [t]he trial court's determination whether a statement or question of counsel is inherently prejudicial that the prejudice cannot be cured by a cautionary instruction must be guided by a consideration of several factors. These factors include the relevance and content of the improper reference, and whether the reference was deliberate or inadvertent in nature. The court also must consider the probable effect of the improper reference was deliberate or inadvertent in nature. The Court also must consider the probable effect of the improper reference by counsel. All these factors must be considered because not every irrelevant statement or question will result in prejudice to an opposing party. To justify a new trial, the nature of counsel's improper reference must be likely to inflame the passion or instill a prejudice in the minds of the jury.

*Lowe v. Cunningham*, 268 Va. 268, 273 (2004).

The Court finds that any prejudice engendered by the comment was promptly cured by the Court's instruction. Although deliberately made, the comment, while irrelevant to the fact finder, was entirely appropriate to the resolution by the Court of the evidentiary objection. The taking of a voluntary dismissal and re-filing of a lawsuit is a matter of legal procedure rather than an act warranting the contempt of others. *Id.* Although the suffering of a dismissal may indicate a weakness in one's case, the decision to refile would support a contrary conclusion. Ethereal ruminations upon matters such as the motivation for a party's particular procedural course of action seem the ideal byproduct of prejudicial comment that can be corrected by prompt judicial intervention. Such is the comment in the instant case.

Accordingly, the motion for a mistrial or, in the alternative, for a new trial is denied and final judgment rendered in favor of the defendant in accord with the jury verdict.