# CIRCUIT COURT OF THE CITY OF RICHMOND

Chantell N. Randolph

 v.

Bob Rosenthal
and Commercial
Investments Assoc., Inc.

September 30, 2005

Case No. LS-2548-1

BY JUDGE MELVIN R. HUGHES, JR.

During the trial of this case with a jury, Defendant moved for a mistrial. During Plaintiff's direct examination, Plaintiff's counsel referred to a City of Richmond Notice of Violation. Plaintiff had previously sought to introduce the document, but defendant objected on hearsay grounds. As a result of the objection, the court redacted much of the letter's content and allowed its introduction to corroborate Plaintiff's testimony of reporting the incident. The case involves a claim by a tenant against her landlord for personal injury damages after ceiling plaster in the demised premises fell on her.

The court took the motion under advisement until after the jury returned a verdict. Upon taking the matter under advisement, the court instructed the jury to disregard counsel's reference.

The court decides to overrule the motion. The Supreme Court has ruled that a statement by counsel as a basis for mistrial must be inherently prejudicial as determined by several factors. "These factors include the relevance and content of the improper reference, and whether the reference was deliberate or inadvertent in nature." *Love v. Cunningham*, 268 Va. 268, 271 (2004). To justify a new trial the nature of counsel's improper reference must be "likely to inflame the passion or instill a prejudice in the minds of the jury." *Virginia-*

*Lincoln Furniture Corp. v. Southern Factories & Stores Corp.*, 162 Va. 767, 781, 174 S.E. 848, 854 (1934). Here, counsel for the Defendant objected when Plaintiff sought to introduce a written Notice of Violation from the City of Richmond, which she had been received after reporting the incident to City officials. Pursuant to defense counsel's objection on hearsay grounds, the court ordered most of the document redacted leaving only a reference that Plaintiff had reported the matter. The heading, "Notice of Violation," was inadvertently left on the document, which was published to the jury after the redaction.

First, counsel's comment, though intentional, was only a remark about the nature of the document after all the hearsay material had been removed. Second, the court instructed the jury to disregard counsel's comment. Third, the document was re-redacted by taking out the heading "Notice of Violation" before it went to the jury for their deliberation. Fourth, the amount of the verdict in view of the evidence, does not demonstrate passion or prejudice. Fifth, there is evidence that liability should attach entirely apart from counsel's comment.

For the foregoing reasons, the mistrial motion shall be overruled, and judgment is entered consistent with the jury finding.