COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Powell and Alston
Argued at Richmond, Virginia


JASON PATILLO, S/K/A
  JASON L. PATILLO

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 2952-08-2                        JUDGE RANDOLPH A. BEALES
                                                    JANUARY 12, 2010

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        F. Ward Harkrader, Jr., Judge Designate

            David B. Hargett (Hargett Law, PLC, on brief), for appellant.

            Rosemary V. Bourne, Assistant Attorney General (William C. Mims,
            Attorney General, on brief), for appellee.


        Jason Patillo (appellant) was convicted by a jury of the first-degree murder of his cousin,

James Patillo (James), and of use of a firearm in the commission of murder. Appellant argues on

appeal that his convictions should be reversed because, he claims, the trial court abused its

discretion in refusing to grant a jury instruction and in denying his motion for a mistrial. For the

following reasons, we affirm the convictions.

                                    I. BACKGROUND

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26

Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438,

443, 358 S.E.2d 415, 418 (1987)); see Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555,

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

574 (2004) (viewing the evidence in the light most favorable to the Commonwealth, "as we must since it was the prevailing party in the trial court").

So viewed, the evidence shows that Alphonso Patillo (Alphonso) – also appellant's cousin – was shot and killed in the City of Hopewell on February 4, 2008, at approximately 1:00 a.m. Appellant learned of the shooting shortly after it happened, and he drove to Hopewell in a Cadillac owned by his girlfriend. Appellant was only briefly in Hopewell, as family members advised him to return to the City of Richmond where the family was assembling.

Prior to 4:00 a.m. on February 4, 2008, members of the Patillo family, including appellant, had gathered at a residence on Ford Avenue in Richmond. There, a family member mentioned that James had been seen earlier in the evening talking to the person suspected of murdering Alphonso.[1] Appellant was very upset when he heard this, and said that he wanted to talk to James. James eventually arrived at the Ford Avenue residence at about 8:00 a.m. that morning.

Kimberly Patillo, another cousin of appellant, had a conversation with appellant at the Ford Avenue residence shortly before James's murder. She stated that appellant wore a "colorful" coat[2] and had a handgun in the waistband of his pants – and also said that appellant snorted cocaine, stating to her that he "needed it." According to Kimberly Patillo, appellant also said, "[H]e got to go, somebody got to go, somebody has to pay . . . for what they did to Fonz [Alphonso]." Appellant then walked outside and talked to James. Moments later, Kimberly Patillo heard gunshots.

---

[1] It was suggested, therefore, that the victim had been involved in the shooting of Alphonso. However, Hopewell police later determined that James was not involved in that murder.

[2] In addition to Kimberly Patillo, several other witnesses at trial – Ronald White and Charles Patillo, relatives of appellant, and Chris Tuck, a friend of appellant – testified that appellant was known to wear a colorful coat.

James was fatally shot three times outside the Ford Avenue residence at approximately 8:30 a.m. on the same morning of Alphonso's murder and of the family meeting at the Ford Avenue residence. No eyewitnesses could specifically identify the shooter, but at least two eyewitnesses described the shooter as wearing a colorful coat with fur around the hood. Bullets found at the scene of the shooting and recovered from James's body were .41-caliber, an unusual bullet design.[3]

The Cadillac belonging to appellant's girlfriend was at the scene of James's death, and some of appellant's belongings were found inside the vehicle. In addition, a box of .41-caliber bullets was found in the Cadillac, and appellant's fingerprint was found on a bullet in the box. Appellant had been seen with a .41-caliber firearm about a week before James's murder.

Appellant argued at trial that the circumstantial evidence presented by the Commonwealth was insufficient to prove beyond a reasonable doubt that he was the person who shot and killed James.[4] However, the jury convicted appellant on both the first-degree murder charge and the use of a firearm in the commission of murder charge, and appellant now appeals.

II. ANALYSIS

A. REFUSED JURY INSTRUCTION

At trial, the trial court refused to include in its instructions for the jury the following instruction requested by appellant:

> The failure of the evidence to disclose any other criminal agent
> than the defendant is not a circumstance that may be considered by

---

[3] At trial, the Commonwealth's forensic analyst testified that the Department of Forensic Science had examined only twenty-nine .41-caliber magnum revolvers since 1995 – out of a total sample size of over 20,000 specimens examined by the Department during that same period.

[4] Angela Patillo, appellant's sister, testified that appellant was at their sister Rebecca's apartment moments before James's murder. She also testified that, a few days before the murder, she had witnessed the victim, James, and another family member, Charles Patillo (James's brother), have a heated argument in which they were "telling each other they were going to kill each other."

the jury in determining whether or not he is guilty of the crime
with which he is charged.

Appellant argues on appeal that the trial court's refusal of his requested jury instruction constituted reversible error because the instruction contained a correct statement of law and was appropriate under the facts of this case. The Commonwealth counters that Rule 5A:18 precludes review of this argument on appeal because appellant did not make this same argument for the inclusion of the requested instruction at trial. Moreover, the Commonwealth contends that, even if appellant's argument here on appeal is properly before this Court, the trial court appropriately refused appellant's proposed jury instruction as unnecessary because the instructions given to the jury sufficiently covered this subject. We agree with the Commonwealth here.

The purpose of Rule 5A:18 "is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." Ohree v. Commonwealth, 26 Va. App. 299, 307, 494 S.E.2d 484, 488 (1998) (citation omitted). This Court will not consider an argument on appeal that was not presented to the trial court, and appellant's counsel at trial did not make this particular argument to the trial court. Id. at 308, 494 S.E.2d at 488 (citing Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991)). Under Rule 5A:18, the same objection or argument must be made at trial as the one presented on appeal. See Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc) ("[A] specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal."). A review of the trial transcript reveals that appellant makes a different argument on appeal in support of the requested jury instruction than he made before the trial court.

At trial, appellant's counsel asserted that the requested instruction should be submitted to the jury *only* in the event the prosecutor made a "burden-shifting argument" by claiming that the defense had failed to prove that someone other than appellant committed the murder.

- 4 -

Furthermore, appellant's trial counsel stated that the instruction was unneeded if the prosecutor *did not* make a burden-shifting argument. In his closing argument, the prosecutor did not make a burden-shifting argument and, instead, acknowledged that "everybody agrees the burden is on us, [appellant] has no burden, he's presumed innocent, all of those things."[5] Given appellant's position in the trial court, it was reasonable for the trial court to believe that appellant ultimately considered the instruction unneeded because the prosecutor did not make a burden-shifting argument. Thus, appellant's argument in this Court was not preserved under Rule 5A:18.

Notwithstanding this failure to preserve his specific argument for appeal, appellant claimed in oral argument before this Court that the trial court's refusal to grant the requested jury instruction nevertheless is properly before us because the requested jury instruction was never withdrawn by trial counsel. However, even if appellant's argument on appeal was preserved simply by his offering of the instruction, the trial court here did not abuse its discretion in refusing that instruction.

Appellant, as the proponent of the requested jury instruction, bore the burden of demonstrating that the requested instruction was a correct statement of law, was applicable to the facts of the case, and was expressed appropriately. See Shaikh v. Johnson, 276 Va. 537, 546, 666 S.E.2d 325, 329 (2008). Appellant argues the requested jury instruction was appropriate in this case because there was more than a scintilla of evidence presented at trial that someone else shot and killed the victim. Appellant relies on Huddleston v. Commonwealth, 191 Va. 400, 409, 61 S.E.2d 276, 281 (1950), where the Supreme Court said that an identical jury instruction "state[d] a correct principle of law and is properly given in the type of case in which there is evidence tending to show that some other person than the accused committed the crime."

---

[5] Appellant never objected or sought a curative instruction during the prosecutor's closing argument.

However, even if a requested jury instruction "correctly state[s] a principle of law, and the trial court could, in its discretion, have given the instruction, it does not follow that it was reversible error to refuse it." Lincoln v. Commonwealth, 217 Va. 370, 373-75, 228 S.E.2d 688, 692 (1976).

Here, the subject of the requested instruction was covered by other instructions given to the jury by the trial court. See Huddleston, 191 Va. at 409, 61 S.E.2d at 280-81. The trial court instructed the jury that "there is no burden on the defendant to produce any evidence" and that the "burden is on the Commonwealth to prove by the evidence beyond a reasonable doubt every material and necessary element of the offense charged against the defendant." The trial court's instructions essentially covered the principles encompassed in appellant's requested instruction[6] in a straightforward and clearer manner than appellant's requested instruction. Therefore, even if the trial court's refusal of appellant's requested jury instruction is properly before this Court, we conclude that the trial court certainly did not abuse its discretion in denying the requested jury instruction.

### B. DENIAL OF MOTION FOR MISTRIAL

Appellant also argues on appeal that the trial court should have ordered a mistrial when, according to appellant's description, the prosecutor improperly "attempt[ed] to impugn the defense attorney with a claim of trickery or fraud." The decision whether to grant a motion for a mistrial that is based on an allegedly prejudicial remark or question by the prosecutor is submitted to the trial court's sound discretion in light of all the circumstances in the case. Lewis v. Commonwealth, 269 Va. 209, 213-14, 608 S.E.2d 907, 909-10 (2005).

---

[6] The language of appellant's requested instruction derives from McBride v. Commonwealth, 95 Va. 818, 30 S.E. 454 (1898). In McBride, the Supreme Court held the trial court's jury instructions in a criminal case must ensure a defendant "is presumed to be innocent until his guilt is established, and he is not to be prejudiced by the inability of the Commonwealth to point out any other criminal agent, nor is he called upon to vindicate his own innocence by naming the guilty man." Id. at 826, 30 S.E. at 457. The jury instructions actually given by the trial court here effectively safeguarded these principles.

- 6 -

As discussed above, the Commonwealth presented evidence that James's murderer wore a colorful coat and, moreover, that appellant wore a colorful coat on the morning of James's murder. Mary Patillo contradicted this evidence, testifying that appellant wore a white t-shirt and blue jeans – not a colorful coat – on the morning of James's murder. During this testimony, Mary Patillo apparently wore a "very colorful" and "eye-catching" coat on the witness stand. On cross-examination, the prosecutor asked her whether appellant's trial counsel had suggested that she wear a colorful coat.

Appellant's trial counsel promptly objected to the prosecutor's question and moved for a mistrial.[7] Trial counsel claimed that the question was not asked in good faith. He alleged that the question was designed to suggest that he had attempted to "manipulate the evidence" at trial by instructing Mary Patillo to wear a colorful coat on the day she testified in appellant's defense. The trial court found that the prosecutor's question did not "rise[] to the level of a mistrial," but the court did instruct the jury to disregard the question.

> "The decision whether to grant a motion for a mistrial is a matter submitted to the trial court's sound discretion." Lowe v. Cunningham, 268 Va. 268, 272, 601 S.E.2d 628, 630 (2004) (citation omitted). Generally, "absent a manifest probability of prejudice to an adverse party, a new trial is not required when a court sustains an objection to an improper remark or question by counsel and thereafter instructs the jury to disregard the remark or question." Id. at 272, 601 S.E.2d at 630. However, "when the prejudicial effect of an improper remark or question is overwhelming, such that it cannot be cured by a cautionary instruction," a trial court must grant a new trial, if requested. Id. at 273, 601 S.E.2d at 631. In determining whether [the remark or question] is so inherently prejudicial that a cautionary instruction cannot cure the prejudice, several factors must be considered. Those factors include "the relevance and content of the improper reference, . . . whether the reference was deliberate or

---

[7] Alternatively, appellant's trial counsel requested the trial court to instruct the jury to disregard the prosecutor's question.

inadvertent[, and] the probable effect of the improper reference."
Id. at 273, 601 S.E.2d at 631.

Castle v. Lester, 272 Va. 591, 610-11, 636 S.E.2d 342, 353 (2006).

Here, the trial court made "an initial factual determination, in the light of all the circumstances of the case," finding appellant's rights were not "so 'indelibly prejudiced'" by the prosecutor's question to Mary Patillo "as to necessitate a new trial." Spencer v. Commonwealth, 240 Va. 78, 95, 393 S.E.2d 609, 619 (1990) (quoting LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983)). The trial court found that a mistrial was unnecessary and, instead, promptly instructed the jury to disregard the prosecutor's question. On appeal, we may fairly presume that the jury followed the cautionary instruction because nothing in the record "clearly shows that the jury disregarded it." Id.

Because the trial court issued a cautionary instruction, which the jury is presumed to have followed, a new trial was required here only if the prejudicial effect of the prosecutor's question to Mary Patillo was so overwhelming that it could not be cured by the cautionary instruction. Lowe, 268 Va. at 273, 601 S.E.2d at 631. "To justify a new trial, the nature of counsel's improper reference must be 'likely to inflame the passion or instill a prejudice in the minds of the jury.'" Id. (quoting Virginia-Lincoln Furniture Corp. v. Southern Factories & Stores Corp., 162 Va. 767, 781, 174 S.E. 848, 854 (1934)). The prosecutor's question here – which concerned appellant's trial counsel, rather than appellant himself – did not meet this high standard.

Appellant's rights were not so "indelibly prejudiced" by the prosecutor's question as to necessitate a new trial. LeVasseur, 225 Va. at 589, 304 S.E.2d at 657. Therefore, we conclude that the trial court did not abuse its discretion in denying appellant's mistrial motion.

## III.  CONCLUSION

For the foregoing reasons, we affirm appellant's convictions for first-degree murder and for use of a firearm in the commission of first-degree murder.

Affirmed.