COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges AtLee, Friedman and Callins
Argued at Richmond, Virginia


ALEATHA BRIGHT

                                          MEMORANDUM OPINION* BY
v.        Record No. 1483-23-2            JUDGE RICHARD Y. ATLEE, JR.
                                          JANUARY 14, 2025
STEPHANIE POUNCEY


          FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                       W. Edward Tomko, III, Judge

          Gary R. Hershner for appellant.

          David L. Campbell (Duane, Hauck, Davis & Gravatt, P.C., on brief),
          for appellee.


     Aleatha Bright appeals a series of rulings from her personal injury suit against Stephanie

Pouncey.  The jury trial resulted in a defense verdict which the trial court upheld.  Bright argues

on appeal that the circuit court erred in denying her evidentiary objections, her motion "to strike

the defense," and her motion to set aside the verdict.  She also alleges that the circuit court erred

in sustaining objections to her opening argument and in the granting and refusal of certain jury

instructions.  Finding no error, we affirm the judgment of the circuit court.

_____

     * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

I. BACKGROUND[1]

Bright filed a suit against Pouncey for injuries sustained in a vehicle collision on September 18, 2016.[2] Bright testified that the weather was dark and rainy that evening. She drove northbound on Winston Churchill Drive intending to turn left onto Highland Avenue. Bright claimed to have stopped at the intersection, looked both ways, and turned left onto Highland. She did not notice any headlights and did not see any vehicles, and she testified that nothing obstructed her view of oncoming traffic from Winston Churchill Drive and she could see down the road. As Bright made her turn onto Highland, another vehicle struck the front passenger side door of her car. Bright claimed that she had reached Highland when she was struck. The collision pushed Bright's vehicle onto the curb. During the trial, Bright introduced photographs of the vehicles showing an impact to her vehicle's front passenger side door, as well as damage to the front left corner of Pouncey's vehicle. Pouncey's vehicle left the scene, and Bright called the police.

During cross-examination, the defense asked Bright if she was in two subsequent car accidents in 2017. After no objection, Bright confirmed that she had been involved in two accidents in 2017. The defense followed up and asked, without objection, if Bright ran a red light in one of those collisions. Bright answered that she did not. The defense then referred to a prior inconsistent statement in her deposition; Bright answered that she did not recall that answer. At this point, Bright's counsel objected to the questions about her 2017 accident

---

[1] We view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the prevailing party at trial. *See Centra Health, Inc. v. Mullins*, 277 Va. 59, 63-64 (2009).

[2] Bright also served Allstate Property and Casualty Insurance Company as the underinsured motorist coverage (UIM) carrier. Bright settled against Pouncey and her liability carrier under Code § 38.2-2206; the suit continued against Pouncey as a "Released Defendant," with any ensuing verdict liable only against Allstate's UIM policy. Allstate litigated the case at trial and disputed liability and damages.

because the previous accident was not relevant to this matter and defense counsel could not impeach Bright on a collateral issue. The defense argued that because Bright initially answered the questions without objection, it was fair to impeach her answer. The circuit court found that Bright's counsel did not timely object to the defense's questions about the 2017 accidents; as a result, it permitted the defense to impeach Bright. Bright then confirmed her prior deposition answer where she admitted to going through a red light in 2017.

The defense also asked Bright whether she knew that Pouncey gave a statement to the police about their collision. Bright objected on the grounds that the question called for hearsay or lacked foundation. After a brief discussion, the defense agreed to withdraw the question. The defense introduced a photograph from Bright's deposition where she marked where her vehicle came to a stop.

At the close of the evidence, Bright made a motion to "strike the defense" and argued that the evidence showed that only Pouncey was negligent in causing the collision. In response, the defense challenged Bright's version of the incident. The defense argued that the photographs of the physical damage and the ending position of Bright's vehicle showed that the collision occurred in the intersection of the streets and not after Bright reached Highland as she claimed. The defense argued that the photographs enabled the jury to infer Bright's negligence because she failed to yield the right of way to an oncoming vehicle. After reviewing the photographs, the circuit court denied Bright's motion, finding that "a reasonable juror could infer" facts at issue on liability.

Bright then objected to Jury Instruction 12, which stated that "[t]he driver of a vehicle intending to turn left has a duty to yield the right of way to any vehicle approaching from the opposite direction that is so close as to constitute a hazard" and that failure "to use ordinary care to perform this duty" is negligence. Bright argued that the instruction was improper because the

- 3 -

evidence did not support that instruction. The defense argued that the photographs supported the instruction. The circuit court agreed and granted the instruction.

Bright also requested a jury instruction regarding a driver's failure to use headlights when necessary. The instruction stated:

> The driver of a vehicle has a duty to display lighted headlights and taillights from sunset to sunrise and whenever persons or vehicles on the highway are not clearly visible at a distance of 500 feet.
>
> If a driver fails to perform this duty, then she is negligent.

Bright argued that it was a "proper inference that [Pouncey] was driving without headlights" based on Bright's testimony. The defense objected, arguing that there was "absolutely no evidence of the absence of headlights" on Pouncey's car. The circuit court refused the instruction, noting that Bright's testimony was that "she simply didn't see the car at all." No one provided evidence that Pouncey's car's lights were not on.

The jury returned a verdict in favor of Pouncey. Bright moved to set aside the verdict, arguing that the cross-examination questions regarding the prior red-light collision and whether Pouncey made a statement to police were improper and justified a new trial. The circuit court denied Bright's motion and dismissed the case with prejudice in accordance with the jury's verdict.[3] This appeal followed.

---

[3] Bright argues that the circuit court erred because the cross-examination question about whether Pouncey made a statement to police was improper. The defense, however, withdrew the objection, and Bright never answered the question. Bright made no motion for a mistrial when the question was asked and does not argue on appeal that the nature of the question was so prejudicial as to require a new trial; she only argues that the evidence was inadmissible. No such evidence was introduced, and this Court does not need to address Bright's underlying arguments on this point. Code § 8.01-678.

## II. ANALYSIS

### A. Opening Statement Objection

During opening statements, the defense objected to Bright's counsel's comment that Pouncey obstructed a proper police investigation by leaving the scene of the accident. The circuit court ruled that Bright could discuss in opening that Pouncey fled the scene but making any follow-up inferences or commenting on her intent constituted improper argument and sustained the objection. Bright now asserts that the circuit court erred in its ruling.

Even if we assume that the circuit court erred, any such error was harmless. "[H]armless-error review [is] required in *all* cases." *Moore v. Joe*, 76 Va. App. 509, 516 (2023) (second alteration in original) (quoting *Spruill v. Garcia*, 298 Va. 120, 127 (2019)). "When it plainly appears from the record and the evidence . . . that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed." *Id.* at 516-17 (alteration in original) (quoting Code § 8.01-678).

The circuit court instructed the jury at the outset that "[t]he opening statements and closing arguments of the attorneys are intended to help you in understanding the evidence and in applying the law, but the statements that they make to you are not evidence in this case." The circuit court permitted Bright to discuss in her opening statement that Pouncey left the scene of the accident. The circuit court later instructed the jury that they "may consider [Pouncey's] flight from the scene as evidence of her negligence in causing this accident." Furthermore, in *closing* argument, Bright's counsel asserted, without objection, that "[b]ecause [Pouncey] didn't stay at the scene, a prompt investigation into her condition and what happened could not be made." Thus, Bright suffered no meaningful prejudice from the sustained objection in opening remarks, and any such error is harmless. Code § 8.01-678.

B. 2017 Collision Questions

Bright next claims that the circuit court erred in overruling her objections to cross-examination questions about her 2017 accidents.

"Appellate courts review a circuit court's ruling on the admissibility of evidence under an abuse of discretion standard." *Davenport v. Util. Trailer Mfg. Co.*, 74 Va. App. 181, 206 (2022). A court abuses its discretion: "(1) by failing to consider a relevant factor that should have been given significant weight, (2) by considering and giving significant weight to an irrelevant or improper factor, and (3) by committing a clear error of judgment, even while weighing 'all proper factors.'" *Id.* (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013)). "A court always abuses its discretion when it makes an error of law." *Id.*

Bright's counsel waited until several specific questions about running the red light were asked and answered before objecting to the entire line of questioning. The exchange occurred as follows:

> Q: Okay. And you had a couple other car accidents. You had another accident in September of 2017, right?
> A: Yes, sir.
> Q: And another one in February of 2017?
> A: Yes, sir.
> Q: And the one in September 2017, you ran a red light and were hit?
> A: I didn't run no red light.
> Q: Okay. Did you previously testify under oath at your deposition that you ran a red light and were hit?
> A: No, I didn't say nothing about running no red light. I can't recall that.

Only then did Bright's counsel state, "Well, first I have an objection; whoever ran a red light, it's irrelevant in this case." The record belies Bright's characterization on brief that these answers were "knee-jerk" or "blurting" and did not give "sufficient time to object." Rather, Bright and defense counsel engaged in a back-and-forth exchange over several questions before any

objection arose. The circuit court did not abuse its discretion in deciding that those untimely objections were waived.[4]

Bright next asserts that the circuit court erred in allowing the defense to continue questioning Bright about her deposition testimony because it was impeachment on a collateral matter. She argues that when Bright denied having made a prior inconsistent statement, the defense was prohibited from introducing *extrinsic evidence* to impeach Bright with her collateral statement. Va. R. Evid. 2:613(a)(ii) ("Extrinsic evidence of collateral statements is not admissible.").

First, the defense did not call a separate witness to testify as to that collision or introduce into evidence a copy of Bright's deposition transcript. Instead, the defense confronted Bright about her own prior inconsistent statement, and Bright then admitted that she previously had said that she "went through a red light," impeaching her testimony denying so. This questioning does not violate the prohibition on impeaching a witness on a collateral matter using extrinsic evidence. Va. R. Evid. 2:613(a)(ii). Second, the trial court noted that Bright had already answered questions about the red light before any objection was raised. Having allowed the subject to be opened, the trial court found "fairness" permitted a brief follow-up question. The circuit court did not abuse its discretion in permitting the defense to question Bright in this manner.

## C. Contributory Negligence

Bright argues that the circuit court erred in denying her motion for summary judgment on the issue of liability because there was no evidence that Bright was negligent. "We review a circuit court's decision on a motion to strike in the light most favorable to the non-moving party,

---

[4] Bright cites to precedent involving mistrial motions. *See, e.g.*, *Lowe v. Cunningham*, 268 Va. 268 (2004); *Carter v. Shoemaker*, 214 Va. 16 (1973). But Bright made no such motion, and we therefore do not consider whether a mistrial is appropriate under these facts.

and the non-moving party must be given the benefit of all substantial conflict in the evidence, and all fair inferences that may be drawn therefrom." *Bd. of Supervisors of Cnty. of Albemarle v. Route 29, LLC*, 301 Va. 134, 150 (2022) (quoting *Dill v. Kroger Ltd. P'ship I*, 300 Va. 99, 109 (2021)).

Bright was the only witness to the collision who testified at trial. She alleged that she completed a left turn onto Highland Avenue, and another vehicle struck her before fleeing the scene. Bright testified that she was on the right side of Highland when the oncoming vehicle struck hers.

Photographs of the damage showed that Bright's vehicle was struck on the front passenger side, centered near the door handle. A photograph showed that the front left corner of Pouncey's vehicle was the point of impact in the collision. Bright argued that this evidence showed that Pouncey drove down Winston Churchill toward the intersection with Highland, "perhaps hopped the curb" between Winston Churchill and Highland and struck Bright after she was already fully on Highland.

In her deposition, Bright marked a photograph showing that her vehicle came to a stop diagonally on Highland, with the front of her vehicle on the left side of Highland and the rest of her vehicle on the right side of Highland.[5] The defense argued that this resting position was inconsistent with Bright's theory of the collision and that the position was more consistent with Bright being struck as she was making her left turn while in the intersection, thereby causing her vehicle to continue turning left after reaching Highland and coming to a stop. The defense further argued that the photograph showing a t-bone collision was inconsistent with Bright's testimony that she was already on Highland when the collision occurred and more consistent

---

[5] This same photo also showed a large billboard sign on the right side of Highland in the grass near the corner of the intersection between Highland and Winston Churchill.

with the theory that Bright was struck prior to completing the left turn onto Highland. The defense asserted that this evidence supported a finding that Bright was contributorily negligent in the collision by not taking due care to watch for approaching vehicles before making her left turn.

The circuit court, after reviewing the photograph, found that a reasonable juror could draw liability inferences in the defense's favor, and it denied Bright's motion. Giving the defense "the benefit of all substantial conflict in the evidence, and all fair inferences that may be drawn therefrom," *Route 29, LLC*, 301 Va. at 150, we find no error by the circuit court.

### D. Jury Instructions

Bright asserts that the circuit court erred in denying her request for a jury instruction on a driver's duty to use headlights because her testimony that she did not see any vehicles or headlights before the collision led to an inference that Pouncey's headlights were not on.[6]

An opening brief must contain "[t]he standard of review and the argument (including principles of law and authorities) *relating to each assignment of error*." Rule 5A:20(e) (emphasis added). "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not . . . correct deficiencies in a brief." *Turner v. Commonwealth*, 67 Va. App. 46, 61 (2016) (alteration in original) (quoting *Buchanan v. Buchanan*, 14 Va. App. 53, 56 (1992)). "[I]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017) (quoting *Sneed v. Bd. of Pro. Resp. of the Supreme Ct. of Tenn.*,

---

[6] Bright also argues that the circuit court erred by including a jury instruction on a driver's duties while making a left turn. For the same reasons we affirm the circuit court's decision on the motion to strike, we similarly affirm the trial court's grant of this instruction because the evidence supported it. Bright made a left turn across two lanes of oncoming traffic at which point a collision occurred. The trial court was well within its discretion in granting an instruction on a driver's duties while making a left turn.

301 S.W.3d 603, 615 (Tenn. 2010)). "[W]hen a party's 'failure to strictly adhere to the requirements of Rule 5A:20(e)' is significant, this Court may treat the question as waived." *Id.* at 744 (quoting *Parks v. Parks*, 52 Va. App. 663, 664 (2008)).

Here, Bright's argument that the trial court erred by refusing the headlight instruction is a single paragraph long and it "consists solely of conclusory statements unsupported by any legal analysis or authority." *Id.* at 745. Though Bright cites *Carter v. Nelms*, 204 Va. 338 (1963), she offers no legal support from that case or any other source for her argument. "Unsupported assertions of error 'do not merit appellate consideration.'" *Id.* at 744 (quoting *Jones v. Commonwealth*, 51 Va. App. 730, 734 (2008)). Accordingly, we find that Bright's failure to adhere to the requirements of Rule 5A:20(e) is significant, and her argument is waived.

### III. Conclusion

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*